**TUCKER ELLIS LLP**
Ronie M. Schmelz (SBN 130798)
ronie.schmelz@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorney for Defendant UNITED INDUSTRIES CORPORATION

**LAW OFFICES OF RONALD A. MARRON, APLC**
Ronald A. Marron (SBN 175650)
ron@consumeradvocates.com
Michael T. Houchin (SBN 305541)
mike@consumeradvocates.com
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

Attorneys for Plaintiff GREGORY ARTHUR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ARTHUR, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED INDUSTRIES CORPORATION,<br><br>　　　　Defendant. | Case No. 2:17-cv-06983-CAS-SK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[Discovery Document: Referred to Magistrate Judge Steve Kim]** |

## I. PURPOSES AND LIMITATIONS

1. Discovery in the above-captioned action (the "Action") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. This Order does not affect the burden of proof that must be met by a party seeking to protect confidential documents or information that is filed in the Court records in this case. A party seeking to protect information to be filed in the public records must prove that the documents or information meets the standards of governing law. In meeting that burden, a party may not rely on its own designation of material as "Confidential" or "Highly Confidential" under this Order.

3. Nothing in this Order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this Action, whether or not such material is also obtained through discovery in this Action, or from the use or disclosure of information that is publicly known. Nothing in this Order restricts the ability of any party to use or disclose its own confidential material as it deems appropriate.

3510382.1

## II. GOOD CAUSE DESIGNATIONS

1. This action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designed without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. No document, information or thing shall be designated "Confidential" or "Highly Confidential" unless good cause exists for such designation.

3. Good cause exists for the designation of information as "Highly Confidential" when the information has not been made public and falls into one of the following categories:

3510382.1

a. Confidential past or future business, marketing or sales plans, including specific business plans, strategies and projections, past or future marketing plans and strategies, past or future sales plans and strategies, forward-looking pricing strategies, the development of new product concepts, extensions of existing product lines, and other similar forward and/or backward-looking information that is kept confidential by the party;

b. Specific financial information at a level of detail beyond that disclosed in sources available to the public;

c. Results of research, studies or other analyses that the parties expended money to develop or obtain and that would be useful to current or potential competitors. This category includes, but is not limited to, consumer research studies (whether developed internally or commissioned from third parties), market analyses (whether developed internally or provided by third parties), analyses of other competitors in the market, and product development studies;

d. Terms of contracts with Defendants' suppliers or customers;

e. Specific proprietary product formulas or proprietary manufacturing processes; or

f. Product concepts in development that have not been launched into the market.

4. Good cause exists for the designation of information as "Confidential" when the information has not been revealed to the public and the information falls into one of the following categories:

a. The information is contained in a document or is presented in a form that, when analyzed in conjunction with other information produced in the Action, would reveal information in categories set forth in paragraph II.3.a to b above;

b. Private information about any officer, employee or other individual; or

4
STIPULATED PROTECTIVE ORDER
3510382.1

c. Commercially sensitive information regarding the development, production, marketing, branding, sales or promotion of Defendants' products or finances, the disclosure of which would have the effect of causing harm to the competitive position of the person or entity from which the information is obtained.

5. The list of document categories identified as either "Highly Confidential" in paragraph II.3 and "Confidential" in paragraph II.4 are meant to be illustrative and they are not the exclusive types of documents that may qualify as either "Highly Confidential" or "Confidential." However, the Parties shall use reasonable efforts to minimize the amount of material designated as "Confidential" or "Highly Confidential."

6. This Order applies to "Confidential" and "Highly Confidential" information furnished in this Action regardless of the form in which it is transmitted and regardless of whether the information is furnished by a party or third party. Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other materials or testimony provided by any party or third party during this Action. Such materials are collectively referred to as "Discovery Materials" in this Order.

## III. PROCEDURE FOR DESIGNATION

1. Any Party may designate Discovery Materials "Confidential" or "Highly Confidential" meeting the standards set forth in paragraphs II.3 and II.4 by taking the following actions (hereafter, the "Designating Party"):

a. With respect to documents, discovery responses or other written materials furnished by the Designating Party in paper, as .tiff images, .pdf files, or in any other form in which it is possible to add a legend to each page, the Designating Party may designate the material "Confidential" by stamping, inscribing or otherwise marking or designating on each page of a document containing Confidential Information the words "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER." The Designating Party may designate the material "Highly Confidential" by marking each page of the document with

the words "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER." Electronic documents produced as .tiff images or .pdf files shall be marked in accordance with this paragraph III.1.a.

      b.     With respect to "Confidential" or "Highly Confidential Information" furnished by the Designating Party in a non-paper medium, including, without limitation, video or audio tape, computer discs, CD-ROMs, and DVDs, etc., the Designating Party may designate information therein as "Confidential" or "Highly Confidential" by affixing the appropriate legend to the outside of the medium or container.

      2.     With respect to deposition testimony or other oral testimony to be recorded in a written transcript, the Designating Party may designate information as "Confidential" or "Highly Confidential" by making a statement on the record to that effect during the deposition or proceeding at issue. The court reporter shall separately bind the designated portion of the deposition transcript and all designated exhibits. The separately bound deposition material shall be marked in accordance with its designation, as either "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER." Alternatively, the Designating Party may, within thirty days (30) days after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (by page and line numbers) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends.

## IV. USE AND DISCLOSURE OF DESIGNATED MATERIAL

      1.     Information and materials designated "Confidential" or "Highly Confidential" shall be used only for prosecuting or defending this Action, except that a party may use its own "Confidential" or "Highly Confidential" information for whatever purposes it chooses. A party using, disseminating or distributing "Confidential" or "Highly Confidential" information for any purpose other than for use in connection with

this Action may be subject to sanctions (including, without limitation, monetary, evidentiary or terminating sanctions, in the Court's discretion), as well as being potentially subject to any disciplinary or other applicable legal proceedings.

2. Information and materials designated "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" may only be disclosed to the following individuals:

  a. The recipient party and officers, directors and/or employees of the recipient party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

  b. Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

  c. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  d. Court staff, court reporters and videographers involved in this litigation;

  e. Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

  f. Party or third-party witnesses during the course of their depositions and otherwise provided that (1) the third party or witness previously created, generated or received the Discovery Material before the Action commenced; (2) the Court has determined that the "Confidential" information may be shown to the deponent in ruling on a party's objection to the designation as provided below; or (3) the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A. The requirement for Court determination does not apply to expert witnesses or consultants.

3510382.1

g. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

3. Information and materials designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A PROTECTIVE ORDER" may only be disclosed to:

a. Counsel of record representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation, along with internal counsel and paralegals responsible for oversight of this Action;

b. Court staff, court reporters and videographers involved in this litigation;

c. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

d. Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A. "Highly Confidential" information shall not be shared with an expert or consultant retained by the non-designating party who has provided, is providing, or is expected to provide any services to any business unit of the retaining party, unless one of the three conditions set forth in subparagraph (d) is met.

e. Party or third-party witnesses during the course of their depositions and otherwise provided that (1) the third party or witness previously created, generated or received the Discovery Material before the Action commenced; or (2) the Court has determined that the "Highly Confidential" information may be shown to the deponent in ruling on a party's objection the designation as provided below; or (3) the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A.

The requirement for Court determination does not apply to expert witnesses or consultants of the non-designating party, except for those who have ever provided, are currently providing, or are expected to provide any services to any business unit of the retaining party.

f. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

4. No person or entity receiving "Confidential" information shall discuss, disseminate, or disclose the "Confidential" information to any person or entity not listed above in paragraph IV.2. No person or entity receiving "Highly Confidential" information shall discuss, disseminate, or disclose the "Highly Confidential" information to any person or entity not listed above in paragraph IV.3. Any person or entity receiving "Confidential" or "Highly Confidential" information shall insure that no unauthorized person or entity is able to obtain access to the "Confidential" or "Highly Confidential" information. The provisions of this paragraph, however, do not apply to the Court or to Court personnel.

5. Nothing in this Order affects or limits the Producing Party's use of its own "Confidential" or "Highly Confidential" information or "Confidential" or "Highly Confidential" information it has created, lawfully possessed or independently generated or discovered, regardless of whether the information is thereafter designated as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER."

V. **FILING OF DESIGNATED MATERIAL IN PRE-TRIAL PROCEEDINGS**

1. If a party files or seeks to file with the Court material that another party has designated "Confidential" or "Highly Confidential" under this Order, the filing party shall follow the procedures set forth in Civil Local Rule 79-5 to seek permission from the

9
STIPULATED PROTECTIVE ORDER
3510382.1

court to file the material under seal. In doing so, the filing party shall only seek to file under seal the portion of such material that is "Confidential" or "Highly Confidential."

## VI. CHALLENGES TO DESIGNATION

1. A party may challenge the designation of any material as "Confidential" or "Highly Confidential" under this Order, but prior to doing so must meet and confer with the Designating Party under the dispute resolution process under Local Rule 37.1 et seq.

2. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII. SUBPOENA IN ANOTHER ACTION

1. In the event any person, party or entity having possession, custody or control of any "Confidential" or "Highly Confidential" information receives a subpoena or other process or order to produce the "Confidential" or "Highly Confidential" information, that person or party shall, within three (3) business days:

    a. Notify, in writing, the attorneys of record of the Designating Party;

    b. Notify, in writing, the attorneys of record or other representative (if there is no attorney of record) of all persons having an interest in maintaining the confidentiality of the "Confidential" or "Highly Confidential" information and who are known to the recipient of the subpoena, process or order;

    c. Furnish all persons notified pursuant to subsections (a) and (b), above, a copy of the subpoena or other process or order; and

3510382.1

    d. Provide reasonable cooperation with respect to all procedures set forth in the Order for the protection of the "Confidential" or "Highly Confidential" information.

  2. If after receiving the notification set forth in paragraph VII.1 the Designating Party desires to prevent or limit the requested production of "Confidential" or "Highly Confidential" information, it will be the responsibility of the Designating Party to move to quash or modify the subpoena, or otherwise resolve the issue with the subpoenaing party.

## VIII. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

  1. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3510382.1

    c.  make the information requested available for inspection by the Non-Party, if requested.

  3. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## IX. TERM OF ORDER

  1. This Order does not govern or restrict the use of any document or information (including information designated as "Confidential" or "Highly Confidential" under this Order) at trial in any manner whatsoever. The designation of any information, documents, or things as "Confidential" or "Highly Confidential" information pursuant to this Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at trial.

  2. Any party desiring to maintain the confidentiality of any information or documents designated as "Confidential" or "Highly Confidential" during the trial shall seek an Order from the Court with respect to such information, documents, exhibits, or things prior to commencement of the trial. The parties to this Order expressly reserve their rights to object to the manner in which "Confidential" or "Highly Confidential" information may be used in an evidentiary hearing or at trial. Special procedures or *in camera* treatment, if any, shall be determined in the future in compliance with any applicable rules and orders. Nothing in this Order shall preclude any party from raising

12
STIPULATED PROTECTIVE ORDER
3510382.1

any objections, including without limitation objections concerning admissibility, materiality, and privilege.

3. If this Action is concluded before trial is commenced, the Order shall remain in full force and effect after such conclusion and the Court shall retain jurisdiction to enforce its terms. In such a case, all materials (including copies) containing information designated as "Confidential" or "Highly Confidential" shall be returned to the Producing Party, or shall be disposed of in a manner assuring its confidential destruction, within the following time period: Within 30 days after final termination of this Action either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by either of the parties. Each party shall provide to the Designating Party a declaration certifying compliance with this paragraph.

## X. NO WAIVER

1. The disclosure of "Confidential" or "Highly Confidential" information pursuant to discovery or the procedures set forth in this Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, privacy or other rights to or in such information.

2. The inadvertent disclosure of information protected by the attorney-client, work product, or other applicable privilege or protection in this Action shall not constitute a waiver of any valid claim of privilege. Further, failure to assert a privilege in this Action as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter, unless the Producing Party seeks to use or rely upon the privileged material in this Action. A party that discovers that it has inadvertently produced privileged information shall promptly request its return. The privileged documents together with all copies thereof shall be returned forthwith to the party claiming privilege. Any notes or other work product made from the documents in

question (or their contents) shall be returned along with the documents themselves or destroyed. The party claiming privilege shall thereafter promptly produce a privilege log listing the documents in question and any other party shall thereafter have the right to challenge the assertion of privilege by motion or any other appropriate means.

    3. A party who receives apparently privileged materials from the Producing Party, upon understanding that the document may be privileged or contain confidential attorney work product, must act as follows:

        a. Cease review of the document.

        b. Immediately contact lead trial counsel for the party with whom they are affiliated and consult with that individual concerning further steps required to be taken. Lead trial counsel shall review the document in question and make a determination of whether the document contains privileged information or attorney work product. If not, the Receiving Party shall continue to treat the document as designated by the Producing Party. If lead trial counsel agrees that the document contains privileged information or attorney work product, lead trial counsel (or his or her designee) shall immediately take the following steps:

            i. Promptly notify opposing counsel of the potentially privileged document(s), taking all reasonable measures to reach opposing counsel to obtain instructions as to further handling of the document(s). The Receiving Party must follow such counsel's instructions regarding the disposition of the material. The Receiving Party must also completely refrain from using the material until instruction by opposing counsel is received, which may include returning the document and all copies, and removal of the document from electronic databases.

            ii. Until such time that the Receiving Party receives instructions from opposing counsel, the Receiving Party may not share the document or its contents with any other persons.

      c. If the Producing Party claims the privilege it shall thereafter promptly add the document(s) in question to its privilege log and any other party shall thereafter have the right to challenge the assertion of privilege by motion or any other appropriate means.

## XI. PRIVILEGE LOG

1. Within 30 days of production, the Producing Party shall produce a privilege log that complies with all requirements set forth in Fed. R. Civ. P. 26(b)(5)(A)(ii).

DATED: November 29, 2017            TUCKER ELLIS LLP

By: /s/ Ronie M. Schmelz

Ronie M. Schmelz (SBN 130798)
ronie.schmelz@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorney for Defendant UNITED INDUSTRIES CORPORATION

3510382.1

DATED:  November 29, 2017  LAW OFFICES OF RONALD A. MARRON, APLC


By:    /s/ Michael Houchin
     Ronald A. Marron (SBN 175650)
     ron@consumeradvocates.com
     Michael T. Houchin (SBN 305541)
     mike@consumeradvocates.com
     651 Arroyo Drive
     San Diego, CA  92103
     Telephone: (619) 696-9006
     Facsimile:  (619) 564-6665

     Attorneys for Plaintiff GREGORY ARTHUR

**IT IS SO ORDERED.**


DATED: November 30, 2017  By _____
     Honorable Steve Kim
     UNITED STATES MAGISTRATE JUDGE

16
STIPULATED PROTECTIVE ORDER
3510382.1

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ARTHUR, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED INDUSTRIES CORPORATION,<br><br>　　　　Defendant. | Case No. 2:17-cv-06983-CAS-SK<br><br>**EXHIBIT A TO STIPULATED PROTECTIVE ORDER: AGREEMENT TO BE BOUND** |

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *Gregory Arthur v. United Industries Corporation*, Case No. 2:17-cv-06983-CAS-SK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

3510382.1

# CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b). I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071-2223.

On the date indicated below, a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER** was filed with the Court and served electronically and will be available for viewing and downloading from the Court's CM/ECF system:

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

Executed on, **November 30, 2017,** at Los Angeles, CA.

I declare under penalty of perjury that I am employed in the office of a member admitted to practice before the District Court for the Central District of California and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

By */s/ Ronie M. Schmelz*
Ronie M. Schmelz

3510382.1

CERTIFICATE OF SERVICE