**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRAVES, KEITH GREN, and MICHAEL WHEALEN, on behalf of themselves, all others similarly situated, and the general public,<br><br>                    Plaintiffs,<br>vs.<br><br>UNITED INDUSTRIES CORPORATION,<br><br>                    Defendant. | CASE NO. 2:17-cv-06983-CAS-SK<br><br>CLASS ACTION<br><br>**DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   July 1, 2019<br>Time:   10:00 a.m.<br>Ctrm:   8D<br>Judge:  Hon. Christina A. Snyder |

I, Ronald A. Marron, hereby declare as follows:

1. I am a member in good standing of the State Bar of California and of the United States District Courts for the Central, Eastern, Northern, and Southern Districts of California as well as the Ninth Circuit Court of Appeals and the United States Supreme Court. I submit this Declaration in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. I make this Declaration based on my personal knowledge and if called to testify, I could and would competently testify to the matters contained herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Class Action Settlement Agreement between Plaintiffs Michael Graves, Keith Gren, Michael Whealen ("Plaintiffs") and Defendant United Industries Corporation ("UIC"). Attached to the Settlement Agreement are the following five exhibits: Exhibit A – a proposed Class Action Settlement Claim Form; Exhibit B – a proposed Class Action Long Form Notice; Exhibit C – a proposed Class Action Short Form Notice; Exhibit D – a proposed Class Action Notice Plan; and Exhibit E – a Proposed Order Granting Motion for Preliminary Approval.

3. This action was filed by original plaintiff Gregory Arthur ("Arthur") on September 21, 2017. Following the Court's May 17, 2018 Order denying Arthur's Motion for Class Certification, Plaintiffs Michael Graves and Keith Gren were added as the Plaintiffs and proposed class representatives. On September 7, 2018, Michael Whealen sent UIC a consumer notice and demand letter on behalf of himself and a proposed nationwide class concerning the Spectracide Concentrate Products (the "Products") at issue in this action. On May 15, 2019, a Fourth Amended Class Action Complaint was filed adding Michael Whealen as a named Plaintiff in addition to Graves and Gren.

4. Plaintiffs and UIC have engaged in substantial discovery. On October 26, 2017, Arthur served a first set of Interrogatories and a first set of Request for Production of Documents on UIC. In exchange for Arthur's agreement to extend

1

*Graves, et al. v. United Industries Corporation*, No. 2:17-cv-06983-CAS-SK
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

UIC's time to serve written responses and objections, UIC produced several documents that were crucial to Arthur's claims in the litigation including the suggested retail prices for the Products, annual sales of the Products, and Product labels that were in use during the class period.

5. On February 16, 2018, UIC severed objections and responses to Arthur's discovery requests. Around that same time, UIC also produced a second batch of documents relating to Plaintiffs' claims, including communications with the Environmental Protection Agency ("EPA") relating to the labels of the Products.

6. Class Counsel sent a detailed meet and confer letter to UIC on March 23, 2018 regarding remaining deficiencies with its written discovery responses. Following extensive meet and confer efforts, the Parties reached an agreement on the scope of Plaintiff's discovery requests.

7. On January 26, 2018, UIC served a deposition notice on Gregory Arthur that included several document requests. On January 31, 2018, Arthur served objections and responses to UIC's document requests. On February 2, 2018, UIC then took the deposition of Gregory Arthur.

8. In support of Arthur's Motion for Class Certification, Class Counsel submitted an expert report from Charlene L. Podlipna, CPA detailing a proposed class wide damages model. On January 26, 2018, UIC served a Notice of Deposition Duces Tecum on Ms. Podlipna that contained several document requests. On February 14, 2018, Class Counsel served objections and responses to the document requests that were served on Ms. Podlipna. On February 16, 2018, UIC took the deposition of Ms. Podlipna on topics relating to her expert opinion and report.

9. After Plaintiffs Graves and Gren filed their Third Amended Complaint, UIC promptly began pursuing discovery from the new named Plaintiffs. On June 29, 2018, UIC served a Notice of Deposition Duces Tecum on

2

*Graves, et al. v. United Industries Corporation*, No. 2:17-cv-06983-CAS-SK
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Gren that contained several document requests. UIC then took the deposition of Plaintiff Keith Gren on July 12, 2018. Plaintiff Gren's deposition lasted more than five hours.

10. Following Plaintiff Gren's deposition, the Parties began engaging in preliminary settlement discussions. During the course of several months the Parties engaged in settlement negotiations that resulted in the Settlement Agreement. The several months that it took to work out significant details and vigorous disagreements between the parties demonstrate that this proposed resolution was the product of heavily disputed and arm's length negotiation. The settlement negotiations were hard-fought, with both Parties and their counsel thoroughly familiar with the applicable facts, legal theories, and defenses on both sides.

11. In the eyes of Class Counsel, the proposed Settlement provides the Class with an outstanding opportunity to obtain significant relief at this stage in the litigation. The Settlement also abrogates the risks that might prevent them from obtaining *any* relief.

12. Settlement Class Members can claim $6.25 in cash from the Settlement Fund for each Claim submitted by a household, with a limit of four (4) claims per household (total payable per household in no event to exceed $25, unless distribution is increased pro rata). Agreement at § 7.2.1. This recovery is significant considering that a 64-ounce bottle of Spectracide Concentrate, the most expensive bottle size, sells for approximately $30.00 at retail stores like Home Depot. Attached hereto as **Exhibit 2** is a true and correct copy of a webpage from the Home Depot's website showing that the listed price for a 64-ounce bottle of Spectracide Concentrate is $29.97.[1]

13. Even if the Class were to prevail at trial, damages in this action would not be the total purchase price of the Products. Instead, damages would be based

---

[1] https://www.homedepot.com/p/Spectracide-Weed-and-Grass-Killer-64-oz-Concentrate-HG-96451-1/206431940 (last visited May 2, 2019).

3

*Graves, et al. v. United Industries Corporation*, No. 2:17-cv-06983-CAS-SK
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

on a percentage of the total retail price for each of the Products based on the alleged underfill amount. Plaintiffs' damages expert has opined that the alleged underfill amount ranges from 36% to 38% depending on the bottle size. (See ECF No. 23-14 [Podlipna Expert Report at ¶13]). For example, the total amount of recovery that would be available at trial would be approximately $10.80 for purchasers of the 64-ounce bottle size ($30.00 x .36 = $10.80). The $6.25 recovery per purchase (up to four purchases per household) for each Settlement Class member is an excellent result considering it represents a large fraction of total damages that would be recoverable at trial. Indeed, $6.25 represents approximately 57.8% of total potential recovery for purchasers of the 64-ounce bottle size. The recovery is even greater for purchasers of less expensive bottle sizes like the 40-ounce, 32-ounce, and 16-ounce sizes.

14. Based on my experience, I conclude that the Settlement provides exceptional results for the Class while sparing the Class from the uncertainties of continued and protracted litigation.

## Ronald A. Marron Firm's Qualifications and Experience Prosecuting Consumer Class Action Lawsuits

15. My work experience and education began in 1984 when I enlisted in the United States Marine Corps (Active Duty 1984-1988, Reserves 1988-1990) and thereafter received my Bachelor of Science in Finance from the University of Southern California (1991). While attending Southwestern University School of Law (1992-1994), I also studied Biology and Chemistry at the University of Southern California and interned at the California Department of Corporations with emphasis in consumer complaints and fraud investigations. I was admitted to the State Bar of California in January of 1995 and have been a member in good standing since that time. In 1996, I started my own law firm with an emphasis in consumer fraud. My firm currently employs five full-time attorneys, two law

4

*Graves, et al. v. United Industries Corporation*, No. 2:17-cv-06983-CAS-SK
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

clerks, three paralegals, and support staff. Attached hereto as **Exhibit 3** is a true and correct copy of my firm's current resume.

16. Over the years I have acquired extensive experience in class actions and other complex litigation, and have obtained large settlements as lead counsel. In recent years, I devoted almost all of my practice to the area of false and misleading labeling of food, nutrition or over-the-counter products, cases involving violations of the Telephone Consumer Protection Act, and other privacy cases.

17. Most recently, on November 29, 2018, the Honorable Gonzalo P. Curiel of the United States District Court for the Southern District of California granted in part and denied in part Plaintiff's Motion for Class Certification and appointed my law firm and the Law Office of David Elliot as class counsel in a class action titled *Hilsley v. Ocean Spray Cranberries, Inc.*, Case No. 3:17-cv-02335-GPC-MDD (S.D. Cal.) (Dkt. No. 83).  In the *Hilsley* case, the plaintiff alleges that malic acid is used as an artificial flavoring ingredient in certain Ocean Spray beverage products although the products are labeled as containing "No artificial flavors."

18. On September 20, 2017, the Honorable Cynthia A. Bashant of the United States District Court for the Southern District of California granted Plaintiff's Motion for Class Certification and appointed my law firm as class counsel in a class action titled *Reyes v. Educational Credit Management Corporation*, Case No. 15-cv-00628-BAS-AGS (USDC S.D. Cal.) that involves violations of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq.*

19. On January 27, 2017, my firm obtained final approval of a TCPA class action against RBS Citizens, N.A. In granting final approval, the Honorable Cynthia Bashant found that "Class Counsel [had] fairly and adequately represented the Class for purposes of entering into and implementing the Settlement, and, thus, continues to appoint . . . Ronald A. Marron, Alexis M. Wood and Kas L. Gallucci

5

*Graves, et al. v. United Industries Corporation*, No. 2:17-cv-06983-CAS-SK
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

of the Law Offices of Ronald A. Marron as Class Counsel for the Settlement Class." *Sanders v. RBS Citizens, N.A.*, No. 13-CV-3136-BAS-RBB, 2017 WL 406165, at *4 (S.D. Cal. Jan. 27, 2017).

20. On January 4, 2016, the Honorable Analisa Torres appointed the Marron firm as Interim Lead Class Counsel over the opposition and challenge of other plaintiffs' counsel, noting that the Marron firm's "detailed" complaint was "more specifically pleaded, . . . assert[ing] a more comprehensive set of theories . . . [and was] more factually developed." *Potzner v. Tommie Copper Inc.*, No. 15 CIV. 3183 (AT), 2016 WL 304746, at *1 (S.D.N.Y. Jan. 4, 2016). Judge Torres also noted that Mr. Marron and his firm's attorneys had "substantial experience litigating complex consumer class actions, are familiar with the applicable law, and have the resources necessary to represent the class." *Id.*

21. In addition to the above cases and the present action, my firm has an in-depth knowledge of other consumer cases including litigating over-the-counter ("OTC") product cases, including the FDCA's history, principles, and regulations, and Courts have recognized my firms' ability to litigate complex class actions. For example, in *Gallucci v. Boiron, Inc.*, Case No. 3:11-CV-2039 JAH NLS (S. D. Cal.), we drafted a Complaint with five potential causes of action, and claims under the CLRA, UCL and FAL with respect to OTC homeopathic drugs which "concern[ed] novel legal theories in a specialized area of law." *See Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 590 n. 4 (C.D. Cal. 2011). This action involved extensive motion practice and my firm's opposition brief was so persuasive that defendants decided to withdraw their motion. My firm's well-drafted briefing, knowledge and experience resulted in a $5 million common fund plus injunctive relief settlement in favor of Gallucci against French homeopathic giant, Boiron, Inc. On April 25, 2012, the Honorable John A. Houston granted preliminary approval, noting that:

> During the pendency of the Litigation, Class Counsel conducted a extensive examination and evaluation of the relevant facts and law to assess the merits of the named plaintiffs' and class claims to determine how best to serve the interests of Plaintiffs and the Class. . . . Class Counsel conducted thorough review of the Food, Drug and Cosmetic Act, its numerous changes over the years, and the Act's implementing regulations. Class Counsel have carefully considered the merits of Plaintiffs' claims, and the defenses raised by defendants. *Gallucci* Dkt. No. 89 at i.

22. Accordingly, Judge Houston appointed my firm as Class Counsel, finding that Class Counsel "will fairly and adequately protect the interests of the Class . . . [and] are experienced and competent to prosecute this matter on behalf of the Class." *Id.* at iii-iv. The Fairness Hearing was held on October 1, 2012 and on October 31, 2012, the court granted final approval. *See Gallucci v. Boiron, Inc.*, 2012 U.S. Dist. LEXIS 157039 (S.D. Cal. Oct. 31, 2012).

23. Further, on June 26, 2015, the Honorable Maxine M. Chesney of the United States District Court for the Northern District of California granted preliminary approval to a class action settlement with injunctive relief for class wide claims of false representations regarding the defendant's weight loss teas. *See Johnson v. Triple Leaf Tea Inc.*, Case No. 3:4-cv-01570 MMC (Dkt. No. 53) ("Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedures, the Court appoints Plaintiff's counsel, the Law offices of Ronald A. Marron APLC, to serve as Class Counsel.").

24. On October 31, 2013, the Honorable Gonzalo P. Curiel of the United States District Court for the Southern District of California granted preliminary approval to a class action settlement of $1 million and injunctive relief for class wide claims of false and deceptive advertising of OTC drugs negotiated by my firm in *Mason v. Heel, Inc.*, Case No. 3:12-cv-3056 GPC (KSC) (Dkt. No. 27), also finding there was "sufficient basis . . . under the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure" to appoint my firm as Class Counsel. *Id.* at p. 5.

7

*Graves, et al. v. United Industries Corporation*, No. 2:17-cv-06983-CAS-SK
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

25. On October 23, 2013, the Honorable Michael M. Anello of the United States District Court for the Southern District of California granted final approval to a $1.2 million and injunctive relief class action settlement concerning false and deceptive advertising of OTC drugs negotiated by my firm in *Nigh v. Humphreys Pharmacal, Inc.*, Case No. 3:12-cv-02714-MMA-DHB (Dkt. No. 30), finding that "the Class was adequately represented by competent counsel." *Id.* at p. 14.

26. On March 13, 2012, my firm settled a case against manufacturers of OTC dietary supplement products for $900,000 in a common fund plus injunctive relief, styled *Burton v. Ganeden Biotech, Inc. et al.*, Case No. 3:11-cv-01471 W (NLS) (S.D. Cal.). Burton alleged that defendants falsely advertised their products as containing "clinically proven" proprietary bacteria that improved and benefitted the digestive and immune health of individuals when, in fact, no clinical proof existed. Before this settlement was finalized, my firm rejected defendants' coupon settlement offer, because we did not believe it constituted the best relief for the class members. Instead, we continued extensive and lengthy rounds of negotiations with the defendants to obtain the best result for the class. These months-long negotiations included back and forth exchange of approximately twenty editions of the Settlement Agreement, multiple conference calls (including on the weekends) and e-mails. On March 14, 2012, the parties filed a Joint Motion for Preliminary Approval of Settlement, (Dkt. No. 38) which the court granted on April 16, 2012 (*Id.* at 42). After the Fairness Hearing in this case on August 21, 2012, Judge Whelan granted final approval on October 5, 2012. Dkt. Nos. 48, 52.

27. On March 1, 2012, the Honorable Janis L. Sammartino appointed my firm Interim Class Counsel in an action styled *Margolis v. The Dial Corporation*, Case No. 3:12-cv-288 JLS (WVG) (Dkt. No. 14). This case involved an OTC pheromone soap product that its manufacturer alleges enhances a man's sexual attraction to women.

28. When my firm was appointed Interim Lead Class Counsel for a class

8

*Graves, et al. v. United Industries Corporation*, No. 2:17-cv-06983-CAS-SK
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

of consumers in a deceptive food labeling case back in March of 2011, the Honorable Marilyn Huff recognized Class Counsel "appears to be well qualified to represent the interest of the purported class and to manage this litigation." *Hohenberg v. Ferrero U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 38471, at *6 (S.D. Cal. Mar. 22, 2011). Subsequently, when my firm obtained certification of the proposed class, the court reaffirmed its finding that my firm is adequate Class Counsel. *See In re Ferrero Litig.*, 278 F.R.D. 552, 559 (S.D. Cal. 2011). Judge Huff gave Final Approval of a settlement on July 9, 2012. (*Ferrero* Dkt. No. 127).

29. On November 14, 2011 my firm obtained the certification of a nationwide class of consumers who purchased Qunol CoQ10, a dietary supplement making misleading efficacy claims. *See Bruno v. Quten Research Inst., LLC*, 2011 U.S. Dist. LEXIS 132323 (C.D. Cal. Nov. 14, 2011). My firm then successfully defeated the defendants' motion to decertify the class following the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). *See Bruno v. Eckhart Corp.*, 2012 U.S. Dist. LEXIS 30873 (C.D. Cal. Mar. 6, 2012). The case then settled on the eve of trial (originally scheduled for October 2, 2012).

30. On June 14, 2011, the Honorable Richard Seeborg appointed my firm Interim Class Counsel, over a competing application from a former partner at the New York law firm Milberg Weiss regarding a deceptive food labeling case. *See Chacanaca v. Quaker Oats Co.*, 2011 U.S. Dist. LEXIS 65023, at *8-9 (N.D. Cal. June 14, 2011) (since restyled as *In re Quaker Oats Labeling Litig.*) ("There is no question here that both the Weston/Marron counsel…have ample experience handling class actions and complex litigation. It is also clear that both have particular familiarity with suits involving issues of mislabeling in the food industry.").

31. I was appointed class counsel in *Peterman v. North American Company for Life and Health Ins., et al.*, No. BC357194, (L.A. Co. Sup. Ct.), which was litigated for over 4 years and achieved a settlement of approximately

9

$60 million for consumers. In granting preliminary approval of the settlement, the Hon. Carolyn B. Kuhl noted that "the excellent work that the plaintiffs' side has done in this case has absolutely followed through to the settlement…The thought and detail that went into the preparation of every aspect was very impressive to me."

32. I also served as class counsel in *Clark v. National Western Life Insurance Company*, No. BC321681 (L.A. Co. Sup. Ct.), a class action that, after litigating the case for well over 6 years, resulted in a settlement of approximately $25 million for consumers.

33. In *Iorio v. Asset Marketing*, No. 05cv00633-IEG (CAB) (S.D. Cal.), I was appointed class counsel on August 24, 2006, following class certification, which was granted on July 25, 2006 by the Honorable Irma E. Gonzalez. Dkts. Nos. 113 and 121. After nearly 6 years of intensive litigation, a settlement valued at $110 million was reached in *Iorio*, *supra*, and approved on March 3, 2011, by the Honorable Janis Sammartino. Dkt. No. 480. Co-counsel and I successfully defended multiple motions brought by defendant in the Southern District of California, including "challenges to the pleadings, class certification, class decertification, summary judgment,…motion to modify the class definition, motion to strike various remedies in the prayer for relief, and motion to decertify the Class' punitive damages claim," plus three petitions to the Ninth Circuit, attempting to challenge the Rule 23(f) class certification. *Iorio*, Final Order Approving (1) Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representatives Incentives, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice, entered on Mar. 3, 2011, at 6:9-15 (commenting that class counsel were "highly experienced trial lawyers with specialized knowledge in insurance and annuity litigation, and complex class action litigation generally" and "capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial

10

*Graves, et al. v. United Industries Corporation*, No. 2:17-cv-06983-CAS-SK
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

and on appeal," *Id.* at 7:18-22). Judge Sammartino also noted "the complexity and subject matter of this litigation, and the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class." *Id.* at 17:25-27.

34. Besides these cases, I have also represented plaintiffs victimized in other complex cases such as Ponzi schemes, shareholder derivative suits, and securities fraud cases. I have litigated hundreds of lawsuits and arbitrations against major corporations; of these, approximately 30 cases against the likes of such corporate titans as Shell Oil, Citigroup, Wells Fargo, Morgan Stanley and Merrill Lynch have gone through trial or arbitration. Many more have settled on the eve of trial although I was fully prepared to proceed to trial.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 3rd day of June, 2019 at San Diego, California.

                                        /s/ *Ronald A. Marron*
                                        Ronald A. Marron