# EXHIBIT 1

1

2

3

4

5

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL GRAVES, KEITH GREN,
and MICHAEL WHEALEN on behalf of
themselves, all others similarly situated,
and the general public,

       Plaintiffs,

  vs.

UNITED INDUSTRIES
CORPORATION, a Delaware
Corporation,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:17-cv-06983-CAS-SK

CLASS ACTION

**CLASS LITIGATION
SETTLEMENT AGREEMENT**

-1-

This Class Litigation Settlement Agreement (the "Settlement Agreement") is made and entered into by and between plaintiffs Michael Graves ("Graves"), Keith Gren ("Gren"), and Michael Whealen ("Whealen") (collectively referenced as "Plaintiffs"), individually and on behalf of the settlement class they purport to represent, counsel for Plaintiffs, Law Offices of Ronald A. Marron, APLC ("Class Counsel"), and Defendant United Industries Corporation ("UIC" or "Defendant"). Plaintiffs and Defendant are referred to hereinafter as the "Settling Parties." This settlement is intended fully, finally, and forever to resolve, discharge, release, and settle the lawsuit captioned *Michael Graves and Keith Gren, et al. v. United Industries Corporation*, Case No. 2:17-cv-06983-CAS-SK (the "Litigation"), upon and subject to the terms and conditions herein.

1. <u>**Recitals**</u>

1.1.    On September 21, 2017, original plaintiff Gregory Arthur ("Arthur") filed a Class Action Complaint in the United States District Court for the Central District of California (the "Court"), captioned *Gregory Arthur et al. v. United Industries Corporation*, Case No. 2:17-cv-06983 (ECF No. 1).

1.2.    Arthur's Complaint alleged that the "Makes Up To __ Gallons" representation on the Product labels is deceptive and violates consumer protection laws. The Complaint sought both monetary damages and injunctive relief for the following claims: (1) Violations of the Consumers Legal Remedies Act, Cal. Civ. Code Sections 1750, *et seq.*; (2) Violations of the False Advertising law, Cal. Bus. & Prof. Code Sections 17500, *et seq.*; and (3) Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code Sections 17200, *et seq*.

1.3.    On November 27, 2017, Arthur filed a First Amended Class Action Complaint (ECF No. 16).

1.4.    On January 12, 2018, UIC moved to dismiss the First Amended Class Action Complaint (ECF No. 22).

1.5.    On January 15, 2018, Arthur filed a Motion for Class Certification and to Appoint Class Counsel (ECF No. 23).

1.6.     On March 23, 2018, the Court entered an Order granting in part and denying in part UIC's Motion to Dismiss the First Amended Complaint (ECF No. 34). The Court dismissed Arthur's request for injunctive relief, but granted him leave to amend his Second Amended Complaint.

1.7.     On April 16, 2018, Arthur filed a Second Amended Class Action Complaint (ECF No. 39), which UIC answered on April 30, 2018 (ECF No. 40).

1.8.     On May 17, 2018, the Court entered an Order denying Arthur's Motion for Class Certification without prejudice, holding that Arthur could not adequately represent the putative class (ECF No. 47).

1.9.     On June 25, 2018, Arthur and UIC filed a Joint Stipulation to dismiss Arthur from the Litigation, for leave to substitute Graves and Gren as plaintiffs and putative class representatives, and for leave for Graves and Gren to file a Third Amended Complaint (ECF No. 53).

1.10.    On June 26, 2018, the Court entered an Order substituting Graves and Gren as named plaintiffs and proposed class representatives, dismissing Arthur from the Litigation, and granting Graves and Gren leave to file a Third Amended Complaint (ECF No. 54).

1.11.    On June 28, 2018, Graves and Gren filed a Third Amended Class Action Complaint against UIC (ECF No. 55), which UIC answered on July 19, 2018 (ECF No. 59).

1.12.    On July 12, 2018, the Court entered an Order staying the Litigation pursuant to a Joint Stipulation filed by Graves, Gren, and UIC seeking time to allow them to engage in settlement discussions (ECF No. 58).

1.13.    On September 7, 2018, Whealen sent UIC a consumer notice and demand letter on behalf of himself and a proposed nationwide class concerning the Products.

1.14.    On May 15, 2019, Class Counsel filed a Fourth Amended Complaint adding Whealen as a named Plaintiff in addition to Graves and Gren. (ECF No. 63.)

1.15.    The Settling Parties and their counsel have extensively investigated the facts and issues raised in the Litigation, and have sufficient information to evaluate their settlement and this Settlement Agreement.

1.16.    Between July 2018 and December 2018, the Settling Parties engaged in discovery, including the depositions of Arthur and Gren, production by UIC of written discovery responses and documentary evidence, and Plaintiffs' production of expert reports addressing their liability and damages theories.

1.17.    UIC denies the allegations in the Litigation and that it has any liability to Plaintiffs or any consumer arising from the claims asserted in the Litigation. Nonetheless, to avoid the substantial burden, risk, and distraction that arises from continuation of the Litigation, and fully and finally to resolve the claims asserted or that could have been asserted against it therein, UIC has agreed to the terms of this Settlement Agreement. UIC continues to maintain the Product labels clearly and accurately convey information about the number of gallons the Products produce and are neither false nor misleading.

1.18.    Counsel for Plaintiffs and Defendant engaged in arm's-length negotiations to achieve settlement of the Litigation. After extensive confidential settlement negotiations, the Settling Parties reached an agreement that forms the basis of this Settlement Agreement. The Settling Parties did not discuss attorneys' fees, costs, or any potential incentive awards for Plaintiffs until they first agreed on the substantive terms of their settlement.

1.19.    Class Counsel analyzed and evaluated the merits of UIC's defenses, the risks of continued litigation, and the benefits this settlement would confer on Plaintiffs and the Settlement Class, as defined below. Among the risks of continued litigation considered by Class Counsel are the possibilities the Court will not certify a class and Plaintiffs will be unable to prove liability, damages, or entitlement to injunctive relief at trial on a class-wide or individual basis, as well as the fact that, even if proven, UIC could challenge the determinations on appeal.

1.20.     Based on their experience and knowledge of the strength of the claims and defenses in the Litigation, counsel for the Parties concluded and are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in the best interest of Plaintiffs and the Settling Parties.

1.21.     Nothing in this Settlement Agreement or the circumstances relating to or that give rise to this Settlement Agreement constitute or shall be deemed to constitute an admission by UIC of any of the claims asserted in the Litigation, or a waiver of UIC's objections and defenses to the claims asserted in the Litigation, including class certification.

**NOW, THEREFORE,** pursuant to the terms set forth herein and subject to the Court's approval of this Settlement Agreement, the Parties hereby stipulate and agree, including on behalf of the Settlement Class, as defined below, fully and finally to settle, compromise, and resolve the claims that were or could have been asserted in the Litigation.

## 2.     Definitions

Capitalized terms in this Settlement Agreement are defined by the terms set forth in this Section. If and to the extent Definitions in this Section conflict with other terms set forth in this Settlement Agreement, the Definitions in this Section shall govern.

2.1.     "Authorized Claimant" means any member of the Settlement Class who completely and timely submits a Claim Form that the Settlement Administrator has reviewed and validated.

2.2.     "Claimant" means a person who submits a Claim Form consistent with the Claims process detailed in Section 6 of this Settlement Agreement.

2.3.     "Claims Deadline" means one-hundred twenty (120) days after the date the Notice is disseminated to the Settlement Class by the Settlement Administrator.

2.4.     "Claim Form" means online and paper forms in substantially the same form attached hereto as Exhibit A.

2.5.     "Class Counsel" means the Law Offices of Ronald A. Marron, APLC and attorneys at that firm assisting in representation of the Settlement Class.

2.6.     "Class Counsel's Fees" means an award of Plaintiffs' attorneys' fees, costs, and expenses in an amount up to 33.33% of the total Settlement Fund.

2.7.     "Class Period" means September 21, 2013 to the date on which the Notice is disseminated to the Settlement Class pursuant to Section 6 herein.

2.8.     "Effective Date" means the date on which the Final Judgment (defined below) in the Action become "Final." As used in this Settlement Agreement, "Final" means three (3) business days after all of the following conditions have been satisfied:

(1) the Final Judgment has been entered; and

(2) if reconsideration and/or appellate review is not sought from the Final Judgment, the expiration of the time for filing or noticing any motion for reconsideration, appeal, petition, and/or writ; or

(3) if reconsideration and/or appellate review is sought from the Final Judgment: (a) the date on which the Final Judgment is affirmed and is no longer subject to judicial review, or (b) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Judgment is no longer subject to judicial review.

2.9.     "Final Approval" means: (a) issuance of a Court order granting final approval of the settlement and this Settlement Agreement as binding on the Settling Parties and the Settlement Class; (b) the Court's determination that the Settlement Agreement and Preliminary Approval Order are fair, adequate, reasonable, and binding on the Settlement Class; (c) determination that the relief provided in this Settlement Agreement should be disseminated to the Settlement Class; (d) effectuating the releases set forth in Section 10 of this Settlement Agreement; (e) entering final judgment in the Litigation; and (f) retaining continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement.

2.10.     "Final Approval Hearing" means the hearing to be held by the Court to adjudicate whether:

(1) the terms of this Settlement Agreement are fair, reasonable, and adequate to the Settlement Class and should be approved;

(2) the Notice constitutes due, adequate, and sufficient notice to all persons entitled to notice of the Litigation and meets all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), rules of this Court, and any other applicable law, and constitutes notice as directed by the Court in the Preliminary Approval Order to apprise the Settlement Class of the (a) pendency of the Litigation; (b) nature and terms of the Settlement; (c) right of Settlement Class members to object to the Settlement; and (d) right of Settlement Class members to appear at the Final Approval Hearing;

(3) a final judgment should be entered dismissing the Litigation with prejudice, as contemplated by this Settlement Agreement;

(4) the Court should permanently bar and enjoin (a) all Settlement Class members from filing, commencing, prosecuting, intervening or participating in (as class members or otherwise), or receiving any benefit or other relief from another lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in this Litigation if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to any Released Party, and (b) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Settlement Class member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any

Released Claim, including any claim that is based upon, arises out of, or relates to the Litigation or the transactions or occurrences referred to therein;

(5) the Court should approve the award of Class Counsel's Fees to Class Counsel; and

(6) any other matter that the Court may deem appropriate.

The Parties anticipate the Final Approval Hearing will be scheduled approximately one hundred and fifty (150) days after the Notice to the Settlement Class.

2.11.     "Final Judgment" means the "Final Judgment and Order of Dismissal" to be entered by the Court, which, among other things, fully and finally approves this Settlement Agreement and dismisses UIC from the Litigation with prejudice.

2.12.     "Incentive Award" means the awards that will be sought by application and, if approved by the Court, will be payable to the Plaintiffs from the Settlement Fund for their role as class representatives and the responsibility and work attendant to those roles.

2.13.     "Notice" means the notice to be sent via e-mail, direct U.S. postal mail, and/or made available online, including, but not limited to, the Long-Form and Short-Form Notices attached hereto as Exhibits B and C.

2.14.     "Notice Date" means the date Notice is communicated to Settlement Class members pursuant to Section 6 of this Settlement Agreement.

2.15.     "Notice Plan" means the proposal for dissemination of Notice to members of the Settlement Class, attached hereto as Exhibit D.

2.16.     "Objection" means the written communication that must be sent to the Settlement Administrator and postmarked on or before the Objection/Exclusion Deadline by a Settlement Class member who wishes to object to the terms of the Settlement as defined in Section 5.2 below.

2.17.     "Objection/Exclusion Deadline" is the date by which an Objection or Request for Exclusion by a Settlement Class member must be postmarked, as ordered by the Court in its Preliminary Approval Order referred to in Section 4 of this Settlement Agreement.

2.18.    "Plaintiffs" means class representatives Michael Graves, Keith Gren, and Michael Whealen.

2.19.    "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form attached hereto as Exhibit E which preliminarily approves the Settlement, certifies the Settlement Class, sets dates for the Final Approval Hearing, Objection/Exclusion Deadline, and Notice Date, and approves the Notice Plan and Claim Form.

2.20.    "Product" or "Products" means UIC's herbicide products that are (a) sold under the "Spectracide®" tradename and (b) are sold in a "concentrate" product form (in other words, designed to be manually mixed by consumers with water prior to use on targeted vegetation).

2.21.    "Released Claims" means the claims released in accordance with Section 10 of this Settlement Agreement.

2.22.    "Released Parties" means Defendant United Industries Corporation, together with its parents, subsidiaries, and affiliates (including, without limitation, divisions of any aforementioned entity, any entity in which any aforementioned entity has a controlling interest, and any entity that has a controlling interest in any aforementioned entity), together with each and every past, present, and future employee, agent, representative, consultant, marketing partner, reseller, retailer, customer, distributor, sales broker, lead generator, telemarketer, independent contractor, claim service manager, insurer, reinsurer, subrogee, trust, joint venturer, director, officer, partner, principal, attorney, accountant, financial advisor, investor, investment banker, underwriter, shareholder, auditor, legal representative, successor in interest, and assign of each of the foregoing entities.

2.23.    "Request for Exclusion" means the written communication that must be sent to the Settlement Administrator and postmarked on or before the Objection/Exclusion Deadline by a Settlement Class member who wishes to be excluded from the Settlement Class as defined in Section 5.1 below

2.24.    "Settlement" or "Settlement Agreement" means this Class Action Settlement Agreement, including all exhibits hereto.

2.25.    "Settlement Administrator" means Classaura Class Action Administration, which will provide Notice to the Settlement Class and administer the Claims process. The Parties shall select a successor Settlement Administrator in the event one becomes necessary.

2.26.    "Settlement Class" is defined as follows: All persons residing in the United States who during the Class Period purchased in any state, for personal or household use and not for resale or distribution, any of the Products.

The Settlement Class specifically excludes (1) any judicial officer presiding over the Litigation, (2) UIC and Released Parties, and each of their current or former officers, directors, and employees, (3) legal representatives, successors, or assigns of any such excluded person, and (4) any person who properly executes and files a timely Request for Exclusion.

2.27.    "Settlement Fund" means the escrow account into which UIC will, within 30 business days following entry of the Preliminary Approval Order, deposit Two Million Five Hundred Thousand Dollars ($2,500,000.00) from which the Settlement Administrator shall pay expenses associated with administration of this Settlement, as approved by the Court, including, without limitation: payments to Settlement Class members, costs of Notice, Class Counsel's Fees, Incentive Awards, and other legal expenses as described in Section 7.

2.28.    "Settlement Payment" means the amount to be paid to an Authorized Claimant as described in Section 8.

2.29.    "Settlement Website" means an internet website created and maintained by the Settlement Administrator to provide the Settlement Class with information relating to the Settlement, including relevant documents and electronic and printable forms relating thereto, including the Claim Form, which can be submitted online through an internet-based form or printed and mailed. The URL of the Settlement Website shall be provided in the Notice.

*Graves, et al. v. United Industries Corporation*, Case No. 2:17-cv-06983-CAS- SK
CLASS LITIGATION SETTLEMENT AGREEMENT

**3.      Stipulation to Class Certification**

3.1.      The Settling Parties hereby stipulate, for purposes of this Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) are satisfied and, subject to Court approval, the Settlement Class shall be certified for settlement purposes pursuant to the terms and conditions set forth in this Settlement Agreement. The Settling Parties stipulate and agree to conditional certification of the Settlement Class for purposes of this Settlement only. Should the Court not grant Final Approval of the Settlement, for whatever reason, this stipulation to class certification shall become null and void.

3.2.      Neither this Settlement Agreement nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement Agreement shall be construed as, or deemed evidence of, an admission or concession by UIC that a class should or could have been certified in the Litigation for any purpose other than settlement. If the Court fails to grant Final Approval of the Settlement, the Settling Parties agree and stipulate that UIC shall and does retain all of the rights, defenses, and arguments it had preceding execution of this Settlement Agreement, and nothing in this Settlement Agreement shall or can be used as evidence or argument by Plaintiffs or putative Settlement Class members concerning any aspect of the Litigation, including whether the alleged claims properly can be maintained as a class action.

**4.      Preliminary Approval**

4.1. On or before June 3, 2019, Plaintiffs shall apply to the Court for entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit E. The Preliminary Approval Order shall include provisions that:

4.1.1. Preliminarily approve this Settlement as falling within the range of reasonableness meriting possible final approval;

4.1.2. Direct Notice to the Settlement Class in the manner specified in this Settlement Agreement as set forth in Section 6 below;

4.1.3. Preliminarily determine that Plaintiffs are members of the Settlement Class and, for purposes of the Settlement Agreement, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure to appoint them as class representatives of the Settlement Class;

4.1.4. Conditionally certify the Settlement Class under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

4.1.5. Appoint the Law Offices of Ronald A. Marron, APLC as Class Counsel pursuant to Rule 23(g);

4.1.6. Schedule the Final Approval Hearing;

4.1.7. Set a briefing schedule for a Motion for Final Approval of the Settlement;

4.1.8. Approve designation of Classaura Class Action Administration as Settlement Administrator;

4.1.9. Establish a Notice Date and direct the Settlement Administrator to cause Notice to be disseminated in the manner set forth in this Settlement Agreement within forty-five (45) days after entry of the Preliminary Approval Order;

4.1.10. Determine that the Notice to be sent to the Settlement Class: (a) meets the requirements of Rule 23(c)(3) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution; (b) is the best practicable notice under the circumstances; and (c) is reasonably calculated to apprise Settlement Class members of the pendency of the Litigation and their right to object and opt out of or participate in the Settlement within the timeframe provided herein;

4.1.11. Require members of the Settlement Class who wish to opt out of the Settlement to submit written Requests for Exclusion timely on or before the Objection/Exclusion Deadline to the Settlement Administrator, as specified in Section 5 of this Settlement Agreement;

4.1.12.   Require Settlement Class members who wish to object to the fairness, reasonableness, or adequacy of the Settlement, Class Counsel's Fees, or Incentive Awards to submit to the Settlement Administrator and deliver to Class Counsel and UIC's counsel by the Objection/Exclusion Deadline, a statement of his or her Objection, as well as the specific reason for such Objection, including legal support the Settlement Class member wishes to bring to the Court's attention, and evidence the Settlement Class member wishes to introduce in support of his or her Objection;

4.1.13.  Provide that any Settlement Class member who does not timely submit a written Request for Exclusion or Objection will be bound by all proceedings, orders, and judgments in this Litigation; and

4.1.14. Provide the Objection/Exclusion Deadline be a date that is thirty (30) days prior to the Final Approval Hearing.

**5.   Requests for Exclusion and Objections to the Settlement**

5.1.   Any Settlement Class member who does not wish to participate in the Settlement must submit a Request for Exclusion to the Settlement Administrator stating his or her intention to be "excluded" from the Settlement. The Request for Exclusion must contain the Settlement Class member's name, current address, and telephone number. The Request for Exclusion must be either (a) personally signed by the Settlement Class member and dated, mailed, and postmarked to the Settlement Administrator on or before the Objection/Exclusion Deadline, or (b) electronically signed by the Settlement Class member and submitted to the Settlement Administrator through the Settlement Website on or before the Objection/Exclusion Deadline. Multiple, so-called "mass" or "class," opt-outs shall not be allowed. The date of the postmark on the return mailing envelope or date of online submission through the Settlement Website shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. Any Settlement Class member whose request to be excluded from the Settlement Class is approved by the

Court will not be bound by the Settlement and will have no right to object, appeal, or comment thereon.

      5.2.   Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement, Class Counsel's application for an award of Class Counsel's Fees, or the Incentive Awards. Any such Objection must be in writing and include the contents described in Paragraph 5.3 below and must be filed with the Court and sent to counsel for the Settling Parties as set forth below via U.S. Mail or e-mail on or before the Objection/Exclusion Deadline or as the Court may otherwise direct. Any Objection that is not properly or timely raised is waived. All Objections to the Settlement must be sent to each of the following persons:

> Ronald A. Marron
> **LAW OFFICES OF RONALD A. MARRON**
> 651 Arroyo Drive
> San Diego, CA 92103
> Email: *ron@consumersadvocates.com*

> Ronie M. Schmelz
> **TUCKER ELLIS LLP**
> 515 South Flower Street, 42nd Floor
> Los Angeles, CA 90071
> Email: *ronie.schmelz@tuckerellis.com*

      5.3.   To be effective, Objections must be in writing and accompanied by documents or other evidence, as well as any factual or legal argument the objecting Settlement Class member intends to rely upon in making his or her Objection. All Objections must include (a) a reference, in its first sentence, to the Litigation, Graves et al. v. United Industries Corporation, Case No. 2:17-cv-06983-CAS-SK; (b) the objector's full, legal name, residential address, telephone number, and email address (and the objector's lawyer's name, business address, telephone number, and email address if objecting through counsel); (c) a statement describing the objector's membership in the Settlement Class, including a verification under oath as to the date, name of the Products purchased, and the location and name of the retailer from whom the objector purchased the Products, and /or a receipt reflecting such purchases, and all other information required by the Claim Form; (d) a written

statement of all grounds for the Objection, accompanied by any legal support for such objection; (e) copies of any papers, briefs, or other documents upon which the Objection is based; (f) a list of all persons who will be called to testify in support of the Objection; (g) a statement of whether the objector intends to appear at the Final Approval Hearing (note: if the objector intends to appear at the Final Approval Hearing through counsel, the Objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing); (h)

a list of the exhibits that the objector may offer during the Final Approval Hearing, along with copies of such exhibits; and (i) the objector's signature.  In addition, Settlement Class Members, if applicable, must include with their Objection (a) the identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the objection; and (b) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years.

5.4.    Any Settlement Class member who fails to file and serve a written Objection timely, setting forth all of the information required by this Section shall be precluded from objecting to the Settlement and foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including, but not limited to, through an appeal.

5.5.    Either Party may request the Court, within its discretion, to exercise its right to deem any Objection frivolous and award appropriate costs and fees to the Party or Parties opposing such Objection(s).

5.6.    Any Settlement Class member who fails to timely submit a Request for Exclusion or Objection as provided in this Settlement Agreement shall be bound by all subsequent proceedings, orders, and Final Judgment in the Litigation, even if he or she has pending, or subsequently initiates, any litigation, arbitration, or other proceeding against UIC or Released Parties relating to the Released Claims.

**6.    <u>Notice and Claims Process</u>**

6.1.    The Notice shall:

6.1.1. Inform the Settlement Class that if they do not timely exclude themselves from the Settlement Class or object to the Settlement they may be eligible to receive the relief provided by the proposed Settlement Agreement;

6.1.2. Contain a short, plain statement of the background of the Litigation and the proposed Settlement;

6.1.3. Describe the proposed relief outlined in this Settlement Agreement;

6.1.4. Explain the impact the proposed Settlement will have on any existing or future litigation, arbitration, or other proceeding;

6.1.5. State that any relief to Settlement Class members is contingent upon the Court's granting Final Approval of the Settlement; and

6.1.6. Disclose Class Counsel will seek an award of Class Counsel's Fees from the Settlement Fund.

6.2.    <u>Notice to State and Federal Officials</u>. In compliance with the Attorney General notification provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Section 1715, within ten (10) days after the Motion for Preliminary Approval is filed, the Settlement Administrator shall cause notice of this proposed Settlement to be served on the Attorney General of the United States and the Attorneys General of each State or territory. The Settlement Administrator shall file with the Court a certification stating the date(s) upon which such CAFA notices were sent. The Settlement Administrator will provide counsel for the Parties to assist with any substantive responses received in response to any CAFA notice served.

6.3.    <u>Notice to the Settlement Class members</u>. Within forty-five (45) days after entry of the Preliminary Approval Order, or on the date established by the Court in the Preliminary Approval Order, the Settlement Administrator shall effect notice as set forth below:

6.3.1. <u>Print Publication Notice</u>. On or before the Notice Deadline, the Settlement Administrator will cause the Notice, in the form approved by the Court, to be published based on the Notice Plan, which is attached hereto as Exhibit D

6.3.2. <u>Settlement Website</u>. On or before the Notice Deadline, the Settlement Administrator shall establish the Settlement Website, from which Settlement Class members may download or print the Notice, a complete copy of this Settlement Agreement and the Preliminary Approval Order, and submit a Claim Form. The Settlement Website shall include the deadlines for filing Claims, Requests for Exclusion from the Settlement Class, Objections, the date of the Final Approval Hearing, and other information pertaining to the Settlement, a voice-recorded Interactive Voice Response ("IVR") with Frequently Asked Questions ("FAQs"), and an interactive function that permits Settlement Class members to download a Claim Form online or file a Claim Form via the Settlement Website or by mail and post-marked by the Claims Deadline. The Settlement Administrator shall establish the Settlement Website using a website name to be mutually agreed upon by the Settling Parties. The Website shall be operative no later than the Notice Date and shall be accessible for a period of not fewer than sixty (60) days following the Effective Date. Following the expiration of sixty (60) days after the Effective Date, the Settlement Administrator shall transfer the rights to the Settlement Website domain to UIC.

6.3.3. <u>Toll-Free IVR</u>. On or before the Notice Deadline, the Settlement Administrator shall establish a Toll-Free IVR phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form. The Toll-Free number shall remain open and accessible through the Claim Deadline. The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of

recorded messages left on the Toll-Free number by potential Settlement Class members concerning the Litigation or the Settlement so that Class Counsel may timely and accurately respond to such inquiries; provided, however, the Settlement Administrator shall review the recorded messages before providing them to Class Counsel and if one or more of the messages requests a blank Claim Form or other similar administrative assistance only, then the Settlement Administrator shall handle such administrative request(s), but the Settlement Administrator shall provide all other messages to Class Counsel for any further response to the Settlement Class member.

6.4.   <u>Responsibilities of Settlement Administrator</u>. The Settlement Administrator will help implement the terms of this Settlement Agreement and the Preliminary Approval Order. The Settlement Administrator shall be responsible for administrative tasks, including, without limitation, (a) arranging, as set forth in this Section and in the Preliminary Approval Order, for distribution of Class Notice and Claim Forms (in forms approved by the Court) to Settlement Class members, (b) answering inquiries from Settlement Class members or forwarding such inquiries to Class Counsel or its designee, (c) receiving and maintaining on behalf of the Court and the Parties any Settlement Class member correspondence regarding Requests for Exclusion from the Settlement or Objections to the Settlement, (d) posting on the Settlement Website Class Notice, Claim Forms, and other related documents, (e) receiving and processing Claims and distributing Settlement Payments, (f) answering inquiries and providing information reasonably requested by UIC, and (g) otherwise assisting with implementation and administration of the Settlement.

6.5.   <u>General Claims Administration and Review of Claims</u>. The Settlement Administrator shall be responsible for reviewing and administering all Claims to determine their validity. The Settlement Administrator shall reject any Claim that does not comply in any material respect with the instructions on the Claim Form or the terms of the Settlement, or is submitted after the Claims Deadline.

6.6.   <u>Claims Process</u>. The Settlement Administrator shall retain copies of all

Claims submitted and all documentation of Claims approved or denied and all Settlement Payments made. The Settlement Administrator agrees to be subject to the direction and authority of the Court with respect to the administration of the Settlement and the payment of Settlement Funds to Authorized Claimants pursuant to the terms of this Settlement Agreement. Upon determining a Claim submitted pursuant to this Settlement Agreement is valid and the amount of Settlement Payment, the Settlement Administrator shall notify counsel for the Parties of that determination. UIC shall have thirty (30) days following this notice to challenge the Claim. UIC shall be permitted to submit to the Settlement Administrator, with a copy to Class Counsel, any information demonstrating that the submitted Claim is not valid. The Settlement Administrator may then contact the Claimant who submitted the Claim to request any further information. The Settlement Administrator shall then make a final determination that is not challengeable by any Party.

6.7.    Claim Forms may be completed and submitted by U.S. mail or online at the Settlement Website. Claim Forms may also be requested by calling the Toll-Free number provided by the Class Action Settlement Administrator or by writing to the Settlement Administrator.

6.8.    To be eligible for a Settlement Payment, a Claimant must timely submit a signed and completed Claim Form containing his or her name, mailing address, and email address. Claim Forms must be postmarked or submitted online no later than one hundred twenty (120) days after the date of Class Notice.

6.9.    The contract with the Settlement Administrator shall obligate the Settlement Administrator: (a) to describe accurately and neutrally, and shall train and instruct its employees and agents to describe accurately and objectively, the provisions of the Settlement in communications with Settlement Class members; and (b) to provide prompt, accurate, and objective responses to inquiries from Class Counsel, UIC, or UIC's Counsel.

6.10.   All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have

continuing jurisdiction over the terms and conditions of the Settlement until all payments and obligations contemplated by the Settlement have been fully carried out.

6.11.  <u>Declaration of Compliance</u>. Within five (5) calendar days after the Claims Deadline, the Settlement Administrator shall provide the Settling Parties with a declaration attesting to completion of the notice process set forth in this Section.

**7.      Settlement Consideration**

7.1.    <u>Class Benefits</u>. Class Counsel and Plaintiffs believe the Settlement confers substantial benefits upon the Settlement Class, as identified below, particularly as weighed against the risks associated with the inherent uncertain nature of a litigated outcome; the complex nature of the Litigation in which Class Counsel have reviewed internal and confidential documents; the difficulty and complexity of calculating actual economic harm, if any, allegedly attributable to purportedly false representations relating to the Products; and the length and expense of continued proceedings through additional fact depositions, expert depositions, third-party document productions and depositions, summary judgment briefing, trial, and appeals. Based on their evaluation of such factors, Class Counsel and Plaintiffs have determined the Settlement, based on the terms set forth herein, is in the best interests of the Settlement Class.

7.2     The Settlement includes cash payments or monetary relief and non-monetary relief as set forth below.

7.2.1. For Authorized Claimants, UIC will provide $6.25 in cash from the Settlement Fund for each Claim submitted by a household, with a limit of four (4) claims per household (total payable per household in no event to exceed $25, unless distribution is increased *pro rata* subject to paragraph 7.2.3 below). The monetary relief described in this paragraph is to be paid from the Settlement Fund, subject to Paragraph 7.2.3 below.

7.2.2. The actual amount paid to individual Authorized Claimants will depend upon the number of accepted Claims. Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to ensure that only legitimate Claims are paid.

7.2.3. If the total amount of accepted Claims exceeds the amount in the Settlement Fund, then each Claim award shall be proportionately reduced. In the event there is any remaining cash amount in the Settlement Fund after payment of Notice and Settlement Administrator expenses, an award of Class Counsel's Fees, any necessary taxes, tax expenses, Incentive Awards, and the total amount of all Authorized Claims, the Settlement Administrator shall divide any remaining monetary amounts equally among the Authorized Claimants and shall pay each such Authorized Claimant his or her pro rata share of the remaining monetary amount. If after all accepted Claims (plus other authorized fees, costs and expenses) are paid and money remains in the Settlement Fund after *pro rata* distribution to Authorized Claimants, any remaining settlement funds thereafter will be awarded *cy pres* to the National Advertising Division of the Better Business Bureau or another organization the Parties may agree to and that the Court accepts as the *cy pres* recipient.

7.3. UIC agrees to the following injunctive relief: If, with respect to any Product manufactured by UIC after June 1, 2020, UIC elects to state on its Product label that such Product "Makes Up to __ Gallons" of end-use herbicide, Defendant shall include on such labeling, mixing directions that are acceptable to EPA-equivalent agencies of the State(s) in which the Product is registered for sale (such acceptability being deemed by virtue of such agency(ies) registration of such Product). The ultimate timing and content of any label changes shall be at the sole discretion of UIC. Nothing in this Settlement Agreement shall require UIC, or any third parties (including, without limitation, UIC's resellers, retailers, customers, distributors, or sales brokers) to remove from point of sale any Product manufactured

prior to June 1, 2020. Nothing in this Settlement Agreement shall require UIC to make claims on any Product label with respect to the number of gallons of end-use herbicide that such Product will yield.

7.4.    UIC shall cause to be deposited Two Million Five Hundred Thousand Dollars ($2,500,000.00) into the Settlement Fund no later than thirty (30) business days following entry of the Preliminary Approval Order.

7.5.    The Settlement Fund shall be maintained by the Settlement Administrator, which will act as the escrow agent for and place the Settlement Fund in an interest-bearing account, subject to approval by the Court.

7.6.    The Settlement Fund shall be used to pay in full and in the following order: (a) any necessary taxes and tax expenses; (b) all costs associated with the Settlement Administrator, including costs of providing Notice to Settlement Class members, processing Claims, and all costs relating to providing necessary notices in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1715 *et seq.*; (c) any award of Class Counsel's Fees made by the Court to Class Counsel under Section 8 of this Settlement Agreement; (d) any Incentive Award made by the Court to the Plaintiffs under Section 8 of this Settlement Agreement; and (e) payments to Authorized Claimants and any others as allowed by this Settlement Agreement and approved by the Court. The Settlement Fund represents the limit and extent of UIC's monetary obligations under this Settlement Agreement.

7.7.    The Settlement Administrator shall send correspondence to any applicable Claimant explaining rejection of his or her Claim Form no later than fifteen (15) days after the Claims Deadline. If any Claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the Claimant must within ten (10) business days from receipt of the rejection, transmit to the Settlement Administrator by e-mail or U.S. mail a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator in consultation with Class Counsel and Defense Counsel of the denial

of the claim. If Class Counsel and Defense Counsel cannot agree on a resolution of the Claimant's notice contesting the rejection, the disputed claim shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.

7.8.    The Settlement Administrator will send payment directly to the Authorized Claimant within thirty (30) calendar days after the Effective Date. The Settlement Administrator will process direct credit or payment via physical check, PayPal, Venmo, Amazon, or electronic Automated Clearing House ("ACH") transactions.

## 8.    Award of Fees and Expenses to Class Counsel and Incentive Awards to Plaintiffs

8.1.    An award of Class Counsel's Fees shall be made from the Settlement Fund to Class Counsel. Class Counsel may make an application for an award of Class Counsel's Fees in the Litigation not to exceed 33.33% of the Settlement Fund. Subject to the terms and conditions of this Stipulation and any order of the Court, the Class Counsel's Fees shall be paid out of the Settlement Fund within thirty (30) days after the date of the Final Approval Order.

8.2.    Class Counsel shall have the sole and absolute discretion to allocate and distribute Class Counsel's Fees among Plaintiffs' Counsel and any other attorney for Plaintiffs.

8.3.    Class Counsel may ask the Court for Incentive Awards from the Settlement Fund to each of the Plaintiffs as follows: Five Thousand Dollars ($5,000.00) to Plaintiff Keith Gren, Three Thousand Dollars ($3,000) to Plaintiff Michael Graves, and Three Thousand Dollars ($3,000.00) to Plaintiff Michael Whealen. Any Incentive Awards approved by the Court shall be paid from the Settlement Fund within ten (10) days after the Effective Date.

## 9.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

*Graves, et al. v. United Industries Corporation*, Case No. 2:17-cv-06983-CAS- SK
CLASS LITIGATION SETTLEMENT AGREEMENT

9.1.    In the event this Settlement Agreement is not approved by the Court or the Settlement set forth herein is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective pre-settlement positions in the Litigation, including with regard to any agreements concerning tolling and similar agreements, and this entire Settlement Agreement shall become null and void. The entire amount deposited into the Settlement Fund (to the extent it was deposited) shall be promptly returned to UIC.

9.2.    The Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including, without limitation, in seeking Preliminary Approval and Final Approval of the Settlement, carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement. The Parties shall cooperate in good faith and undertake all reasonable actions and steps in order to accomplish the events described in this Settlement Agreement.

## 10.   **Releases**

10.1.  As of the Effective Date, and except as to such rights or claims created by the Settlement Agreement, each Settlement Class member, and each of their heirs, spouses, guardians, executors, administrators, representatives, agents, attorneys, insurers, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Final Judgment shall have fully, finally, and forever released, relinquished, and discharged all claims asserted or which could have been asserted in the Litigation involving allegations of misleading statements or misrepresentations concerning the Products (collectively, "Claims") against the Released Parties.

10.2. In connection with the Released Claims, each Settlement Class member who did not submit a Request for Exclusion shall be deemed to have forever waived any and all provisions, rights, and benefits conferred by Section 1542 of the

California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiffs for themselves and the Settlement Class members understand and acknowledge the significance of these waivers of Section 1542 of the California Civil Code and any similar, comparable or equivalent statute, rule or doctrine. In connection with the release and waivers herein, the Class Representatives and the Settlement Class members acknowledge they are aware they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will remain in effect notwithstanding discovery or existence of any such additional or different facts.

10.3.  The Final Judgment shall further provide for and effect the release of all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that either Party now has against the other Party, or that UIC may have against Settlement Class members or Class Counsel by reason of any act, omission, harm, matter, cause or event whatsoever arising out of the initiation, prosecution, or settlement of the Litigation or the claims and defenses asserted in the Litigation.

10.4. Notwithstanding the above, the Court shall retain continuing jurisdiction over the Parties and the Settlement Agreement with respect to the future

performance of the terms of the Settlement Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement are properly made or taken. All Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms embodied in this Settlement Agreement.

**11.** **Miscellaneous Proceedings**

11.1.  Pending entry of the Preliminary Approval Order and the entry of the Final Judgment, the Settling Parties agree to stay all proceedings in this Litigation, except those incident to the Settlement itself.

11.2.  The Settling Parties agree to use their best efforts to prevent, stay, or seek dismissal of, or to oppose entry of any interim or final relief in favor of, any claim by any member of the Settlement Class in any litigation that would be barred by the releases contemplated by this Settlement Agreement, and any other litigation against any of the Parties challenging the Settlement, or that otherwise involves, directly or indirectly, a Released Claim.

11.3.  The Settling Parties and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Settlement Agreement and the terms of the Settlement set forth herein, including taking all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts which may become necessary by order of the Court or otherwise.

11.4.  The undersigned represent that they are fully authorized to execute and enter into the terms and conditions of this Settlement Agreement.

11.5.  This Settlement Agreement contains the entire agreement among the Settling Parties and supersedes any prior agreements or understandings between them. All terms of this Settlement Agreement are contractual and not mere recitals and shall be construed as if drafted by all Parties. The presumption found in California Civil Code Section 1654 (and equivalent, comparable, or analogous provisions of the laws of the United States of America or any State or territory thereof, or of the common law or civil law) that uncertainties in a contract are

interpreted against the party causing an uncertainty to exist is hereby waived by all Parties.

11.6.   The terms of this Settlement Agreement are and shall be binding upon each of the Parties, their agents, attorneys, employees, successors and assigns, and upon all other persons claiming any interest in the subject matter through any of the Parties, including any Settlement Class member.

11.7.   Whenever this Settlement Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by email, or next day (excluding Sunday) express delivery service as follows:

If to Plaintiffs, then to:

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Email: ron@consumersadvocates.com

If to Defendant, then to:

Ronie M. Schmelz
**TUCKER ELLIS LLP**
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
Email: ronie.schmelz@tuckerellis.com

11.8.   The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and UIC's Counsel, without notice to Settlement Class members. The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

11.9.   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Settlement Agreement or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday or, when the act to be done is the filing of a paper

1   in Court, a day in which weather or other conditions have made the Office of the

2   Clerk or the Court inaccessible, in which event the period shall run until the end of

3   the next day. As used in this subsection, "legal holiday" includes New Year's Day,

4   Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day,

5   Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day,

6   Christmas Day, and any other day appointed as a holiday by the President or the

7   Congress of the United States.

8         11.10. The Parties, their successors and assigns, and their attorneys undertake

9   to implement the terms of this Settlement Agreement in good faith and to use good

10  faith in resolving any disputes that may arise in the implementation of the terms of

11  this Settlement Agreement.

12        11.11. This Settlement Agreement may be amended or modified only by a

13  written instrument signed by Class Counsel and UIC's Counsel. Amendments and

14  modifications may be made without additional notice to the Settlement Class

15  members unless such notice is required by the Court.

16        11.12. Neither this Settlement Agreement nor any act performed or document

17  executed pursuant to or in furtherance of this Settlement Agreement: (a) is or may

18  be deemed to be or may be used as an admission or evidence of the validity of any

19  Released Claim, or of any wrongdoing or liability of UIC, or of the propriety of

20  Class Counsel maintaining the Litigation as a class action; or (b) is or may be deemed

21  to be or may be used as an admission or evidence of any fault or omission of UIC in

22  any civil, criminal, or administrative proceeding in any court, administrative agency,

23  or other tribunal, except that UIC may file this Settlement Agreement or the Final

24  Judgment in any action that may be brought against any Released Party in order to

25  support a defense or counterclaim based on principles of res judicata, collateral

26  estoppel, release, good faith settlement, judgment bar, or reduction, or any other

27  theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

28        11.13. The Court shall retain jurisdiction with respect to the implementation

    and enforcement of the terms of this Settlement Agreement, and all Parties hereto

1   submit to the jurisdiction of the Court for purposes of implementing and enforcing

2   the settlement embodied in this Settlement Agreement.

3         11.14. Notwithstanding the dates of execution by the undersigned, this

4   Settlement Agreement shall be deemed to have been executed and go into force on

5   June 3, 2019, so long as all entities below have affixed their signature.

6         11.15. This Settlement Agreement may be executed in counterparts, each of

7   which shall constitute an original.

8         **IN WITNESS THEREOF**, the Settling Parties hereto have caused this

9   Settlement Agreement to be executed by their duly authorized representatives.

10

11  **UNDERSTOOD AND AGREED:**

12

13

14

15  Dated:_____        By: _____

16  Representative of United Industries Corporation

17

18

19  Dated:_____        **LAW OFFICES OF RONALD A.**

20                              **MARRON**

21

22                              By: _____

23                              Ronald A. Marron
                                651 Arroyo Drive
24                              San Diego, California 92103
                                Telephone: (619) 696-9006
25                              Facsimile: (619) 564-6665
                                Email: *ron@consumersadvocates.com*
26                              ***Counsel for Plaintiffs and the Class***

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: 6/3/19

**LAW OFFICES OF RONALD A.
MARRON**

By: _____

Ronald A. Marron
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
Email: *ron@consumersadvocates.com*
***Counsel for Plaintiffs and the Class***

-29-

*Graves, et al. v. United Industries Corporation*, Case No. 2:17-cv-06983-CAS- SK
CLASS LITIGATION SETTLEMENT AGREEMENT

4219851.1

## **EXHIBITS**

| | |
|---|---|
| Exhibit A: | Claim Form |
| Exhibit B: | Long Form Notice |
| Exhibit C: | Short Form Notice |
| Exhibit D: | Notice Plan |
| Exhibit E: | [Proposed] Preliminary Approval Order |

4219851.1

*Graves, et al. v. United Industries Corporation*, Case No. 2:17-cv-06983-CAS- SK
CLASS LITIGATION SETTLEMENT AGREEMENT

# EXHIBIT A

Exhibit A

*Graves, et al. v. United Industries Corporation*
United States District Court, Central District of California
2:17-cv-06983-CAS- SK

# CLASS ACTION SETTLEMENT CLAIM FORM

### CLAIM FORM INSTRUCTIONS

To be eligible to receive a payment from the Settlement Fund in the above-captioned action, you must file a Claim Form as described below.

### REQUIREMENTS FOR FILING A CLAIM FORM

1. Please review the Notice of Class Action Settlement (the "Notice"). A copy of the Notice is available at www.MakesUpToSettlement.com.

2. Accurately complete all required portions of this Claim Form.

3. Sign the Claim Form.

4. By signing and submitting this Claim Form, you certify that you are a resident of the United States who, on or after September 21, 2013 until [the date notice is disseminated] (the "Class Period"), purchased in any state, for personal or household use and not for resale or distribution, any herbicide product that is sold under the "Spectracide®" tradename and is sold in a "Concentrate" product form (in other words, designed to be manually mixed by consumers with water prior to use on targeted vegetation). You further certify that you have not filed a timely Request for Exclusion from the Settlement Class and that you are not excluded from the class by virtue of being (1) a judicial officer presiding over the action, (2) a current or former officer, director, or employee of United Industries Corporation or any of its subsidiaries, parent companies, successors, or predecessors, including Spectrum Brands, or (3) a legal representative, successor, or assign of any such excluded person.

5. To receive a cash payment, you must complete and submit a completed form online at www.MakesUpToSettlement.com or mail the completed and signed Claim Form by U.S. Mail, postmarked no later than _____2019 to:

    **Spectracide Class Action Settlement**
    **c/o Classaura Class Action Administration**
    **1718 Peachtree St #1080, Atlanta, Georgia**

6. Your failure to complete and submit the Claim Form online or postmarked mail by _____, 2019 will preclude you from receiving any payment in this Settlement.

**Your Name**: _____

**Your Mailing Address (with zip code)**:

Exhibit A

*Graves, et al. v. United Industries Corporation*
United States District Court, Central District of California
2:17-cv-06983-CAS- SK

## CLASS ACTION SETTLEMENT
## CLAIM FORM

_____

_____

**Your Phone Number**: _____

**Your Email Address**:_____

**Are you a United States resident who purchased,** on or after September 21, 2013 until [the date notice is disseminated], any Spectracide® Concentrate product in any state, for personal or household use and not for resale or distribution?

_____ YES                    ____NO

**How many of the Spectracide® Concentrate Products did you purchase during the Class Period?**

___ 1          ____ 2          ___ 3          ___ 4 or more

**Copy of Your Receipt.** If you have receipt(s) for your purchases, please enclose a copy of all receipts with this form.

**Date(s) of Purchase.** If you do not have a copy of your receipt, then for each Spectracide® Concentrate product you claim you purchased, give the approximate date of the purchase:

Date(s): _____

_____

_____

_____

Exhibit A

*Graves, et al. v. United Industries Corporation*
United States District Court, Central District of California
2:17-cv-06983-CAS- SK

## CLASS ACTION SETTLEMENT
## CLAIM FORM

**Location(s) of Purchase**. For each Product you purchased, identify the address of the store where the purchase was made. (Example: Home Depot, 225 Main Street, Cedar Rapids, Iowa).

_____

_____

_____

_____

**Claim Your Settlement Award[1]**.

I hereby certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: _____      Date: _____

---

[1] The settlement awards are described in detail in Section 7.2 of the Settlement Agreement.

# EXHIBIT B

Exhibit B

## <u>NOTICE OF PROPOSED CLASS LITIGATION SETTLEMENT</u>

*Graves, et al. v. United Industries Corporation,* Case No. 2:17-cv-06983-CAS-SK
United States District Court for the Central District of California

**THIS NOTICE CONCERNS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

*A federal court authorized this Notice. It is not a solicitation from a lawyer.* **YOU ARE NOT BEING SUED.**

_____

**IF YOU ARE A UNITED STATES RESIDENT WHO** on or after September 21, 2013 until [the date notice is disseminated] (the "Class Period"), purchased in any state, for personal or household use and not for resale or distribution, any herbicide product sold under the "Spectracide®" tradename and in a "concentrate" product form (in other words, designed to be manually mixed by consumers with water prior to use on targeted vegetation) (the "Product"), **YOU MAY BE ENTITLED TO A CASH PAYMENT.**

This Settlement resolves a lawsuit against United Industries Corporation ("UIC") alleging that UIC labeled its Spectracide® Concentrate herbicide Products as making more solution than the Products were capable of making when mixed for certain weed control purposes.

UIC denies the allegations and any wrongdoing. Nonetheless, it has agreed to settle to avoid the cost and uncertainty of litigation. The parties have reached a settlement that would provide monetary recovery as detailed below in exchange for a waiver and release of your claims. By participating in the Settlement, you waive and release any claims against UIC concerning the marketing and labeling of the Products.

Exhibit B

## <u>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT</u>

| | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | The only way to get a monetary payment. Postmark or submit your Claim Form online. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY [DATE]** | If you ask to be excluded, you will not be bound by what the Court does in this case and will keep any right you might have to sue UIC separately about the legal claims in this lawsuit. If there is a recovery in this case, including under the proposed Settlement, you will not share in that recovery. |
| **OBJECT OR COMMENT BY [DATE]** | You may file a written Objection no later than [date] and/or appear at the Final Approval Hearing to tell the Court why you believe the proposed Settlement is unfair, unreasonable, or inadequate. If you ask to be excluded from the Class (i.e., "opt out"), you may not file an Objection. |
| **DO NOTHING** | If you do nothing, you will receive no portion of the Settlement Fund and, if the Settlement is approved, you will also give up your right to sue UIC on your own regarding any claims that are part of the Settlement. |

- These rights and options, **and the deadlines to exercise them,** are further explained in this Notice.
- The Court is in charge of this Litigation and still has to decide whether to approve the Settlement. The settlement benefits will be made available if the Court approves the Settlement and after any appeals are resolved.
- The terms of the Settlement may be subject to change and persons that remain in the Settlement Class will be bound by those changes.
- If you have any questions, then please read on and visit www. MakesUpToSettlement.com.

**Questions? Call 1-888-978-8269 or visit www. MakesUpToSettlement.com**

Exhibit B

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION……………………………………………………………………PAGE 4
    1.  Why did I receive this Notice?
    2.  What is this lawsuit About?
    3.  What is a Class Action and Who is Involved?
    4.  Why is there a Proposed Settlement?

WHO IS COVERED BY THE PROPOSED SETTLEMENT...……………………………....PAGE 5
    5.  How Do I Know If I Am Part of the Proposed Settlement?

THE PROPOSED SETTLEMENT BENEFITS………………………………………………PAGE 5
    6.  What Does the Proposed Settlement Provide?

HOW TO GET A PAYMENT - SUBMITTING A CLAIM FORM…………………….............PAGE 7
    7.  How Can I Obtain a Portion of the Settlement Fund?
    8.  How Can I Obtain a Claim Form?

YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE SETTLEMENT……...PAGE 8
    9.  How Do I Exclude Myself from the Settlement?
    10. If I Don't Exclude Myself, Can I Sue UIC Later?
    11. If I Exclude Myself, Can I Get a Payment from the Settlement Fund?

YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT...…………PAGE 9
    12. How Do I Tell the Court that I Object to the Proposed Settlement?
    13. What's the Difference Between Objecting and Excluding?

YOUR RIGHTS AND CHOICES - APPEARING IN THIS LAWSUIT………………......................PAGE 10
    14. Can I Appear and Speak in this lawsuit About the Proposed Settlement?
    15. How Can I Appear in this lawsuit?

IF YOU DO NOTHING……………………………………………………………….. PAGE 11
    16. What Happens If I Do Nothing at All?

THE LAWYERS REPRESENTING YOU………………………………………………….PAGE 11
    17. Do I have a Lawyer in this Case?
    18. How Will the Lawyers Be Paid?

THE COURT'S FINAL APPROVAL HEARING……………………………......................PAGE 12
    19. When and Where Will the Court Decide Whether to Approve the Settlement?
    20. Do I Have to Come to the Hearing?

FINAL SETTLEMENT APPROVAL…………………………………………......................PAGE 12
    21. What is the Effect of Final Settlement Approval?

GETTING MORE INFORMATION………………………………………………..PAGE 13
    22. Are there More Details About the Settlement?

3

## BASIC INFORMATION

| 1.   Why did I receive this Notice? |
| --- |

If you are a United States resident who purchased the Products during the Class Period in any state, for personal or household use and not for resale or distribution, then you have a right to know about a proposed settlement in this class action lawsuit and your options.

You also may have received this Notice because you requested more information after reading the Summary Notice about the Settlement.

The Court ordered that you be given this Notice because you have a right to know about a proposed settlement of this class action lawsuit and your options in relation to that lawsuit before the Court decides whether to give its final approval to the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator approved by the Court will oversee the distribution of the Settlement Fund.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2.   What is this lawsuit About? |
| --- |

The Plaintiffs who filed the lawsuit allege that UIC labeled the Products as making more solution than the Products were capable of when mixed for certain weed control purposes.

**UIC denies the allegations in the lawsuit, and the Court has not made any ruling on the merits of the lawsuit**. To avoid the expense of further litigation, the parties have reached a settlement that is further described in this Notice.

| 3.   What Is a Class Action and Who Is Involved? |
| --- |

In a class action lawsuit, one or more people, called Class Representatives (in this case Michael Graves, Keith Gren, and Michael Whealen) represent the interests of similarly situated people who may have the same claims in common, but have not filed a lawsuit. All of these people are collectively referred to as a class. The people who file the lawsuit are called Plaintiffs. The company or persons they sue is called the Defendant. One court resolves the issues for everyone in the class – except for those people who choose to exclude themselves from the class.

Exhibit B

---

**4.   Why Is There a Proposed Settlement?**

The Court has not decided in favor of either side. UIC denies all allegations in the lawsuit. UIC is settling simply to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption to its business. The Class Representatives and their attorneys assert that the proposed Settlement is in the best interests of the Class because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing a lawsuit through trial and any appeals. There would be no guarantee of success for either side if the lawsuit were pursued through trial and any appeals.

## WHO IS COVERED BY THE PROPOSED SETTLEMENT

To see if you are entitled to file a Claim for part of the Settlement Fund, you first have to determine if you are a member of the Settlement Class.

---

**5.   How Do I Know If I Am Part of the Proposed Settlement?**

You are a part of the Settlement Class if you are a United States resident who purchased the Products during the Class Period.  The Products may have been purchased in any state, but they must have been purchased for personal or household use and not for resale or distribution.

You are not a part of the Settlement Class if you are (1) any judicial officer presiding over the lawsuit; (2) UIC, its subsidiaries, parent companies, successors, predecessors, and any entity in which UIC or its parent company has a controlling interest, and each of their current or former officers, directors, and employees; (3) legal representatives, successors, or assigns of any excluded person; and (4) any person who properly executes and files a timely request for exclusion.

If you are still not sure whether you are included in the Settlement Class, you can go to www. MakesUpToSettlement.com, or you can call 1-888-978-8269, and ask for free help.

## THE PROPOSED SETTLEMENT BENEFITS

---

**6.   What Does the Proposed Settlement Provide?**

**Settlement Fund**

The proposed settlement will provide for $2,500,000.00 to be paid into a Settlement Fund.

The Settlement Fund shall be applied to pay the following amounts in full and in the order listed: (1) any necessary taxes and tax expenses; (2) all costs associated with the Settlement Administration, including costs of providing notice to members of the Settlement Class and processing Claims and all costs relating to providing the necessary notices in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. Section 1715; (3) any Fee and Expense Award made by the Court to Class Counsel; (4) any Incentive Award made by the Court to the Class Representatives; and (5) payments to Authorized Claimants and any others if approved by the

5

Questions? Call 1-888-978-8269 or visit www. MakesUpToSettlement.com

Court. The Settlement Fund represents the limit and extent of UIC's monetary obligations under the Settlement Agreement.

## Payments to Settlement Class Members who Submit a Valid Claim Form

Settlement Class members who submit a timely and valid Claim will receive **$6.25 from the Settlement Fund for each valid Claim submitted by a household, with a limit of four (4) claims per household (total payable per household in no event to exceed $25, unless distribution is increased as described below)**.

If the total amount of Claims made by Authorized Claimants exceeds the amount of money in the Settlement Fund, then each Authorized Claimant's award shall be proportionately reduced. In the event there is any remaining amount in the Settlement Fund after payment of all authorized fees, costs, and expenses, as well as the tallied amount of all Authorized Claims, the Settlement Administrator shall divide the remaining amount equally by the number of Authorized Claimants and shall pay each such Authorized Claimant his or her proportionate share of the remaining amount. If after all valid Claims (plus other authorized fees, costs, and expenses) are paid and money remains in the Settlement Fund after pro rata distribution to Authorized Claimants, any remaining Settlement Funds thereafter will be awarded *cy pres* to the National Advertising Division or another organization that the Parties and the Court accept as the *cy pres* recipient.

## Non-Monetary Relief

For Products manufactured after June 1, 2020, the Product labels will only state that the Product "Makes Up To ___ Gallons" if they also include mixing directions which are acceptable to EPA-equivalent agencies of the states in which the Product is registered.

## Incentive Awards to the Class Representatives

Subject to Court approval, Class Counsel is seeking Incentive Awards from the Settlement Fund to each of the Class Representatives as follows: $5,000.00 to Plaintiff Keith Gren, $3,000.00 to Plaintiff Michael Graves, and $3,000.00 to Plaintiff Michael Whealen.

Exhibit B

## HOW TO GET A PAYMENT- SUBMITTING A CLAIM FORM

| 7.   How Can I Obtain a Portion of The Settlement? |
| --- |

Settlement Class members who wish to receive a portion of the Settlement Fund must fully complete and submit a Claim Form, along with any supporting documentation, by [_____], 2019.

You can obtain a Claim Form on the Internet at www.MakesUpToSettlement.com

Read the instructions carefully, fully complete the form, and submit it online at www.MakesUpToSettlement.com on or before [_____], 2019.

Alternatively, you may submit your Claim Form by mailing it to the following address:

> Spectracide Class Litigation Settlement
> c/o Classaura Class Action Administration
> [P.O. Box Address]

Claim Forms must be postmarked no later than [_____], 2019.

Settlement Class Members who have complied with the instructions, requirements, and deadline for submitting a Claim, and whose Claims have been reviewed and validated by the Settlement Administrator, will be paid from the Settlement Fund within thirty (30) days of the Effective Date of the Settlement.

**TO BE VALID, ALL CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY NO LATER THAN [DATE].**

| 8.   How Can I Obtain a Claim Form? |
| --- |

You can obtain a Claim Form in one of three ways:

i.    Online:  You can download the Claim Form at www.MakesUpToSettlement.com. You can also submit a Claim Form online through the same website.

ii.   By Phone: Call toll-free, 1-888-978-8269 to arrange for a Claim Form to be sent to you by either U.S. mail or e-mail.

iii.  By U.S. Mail:  You may write to Spectracide® Class Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address]. Be sure to include your name and mailing address.

**Questions? Call 1-888-978-8269 or visit www. MakesUpToSettlement.com**

Exhibit B

# YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you do not want to receive any of the benefits from the Settlement, and you want to preserve the right to sue UIC about the subject matter of this lawsuit, then you must take affirmative steps to opt out of the Settlement.

### 9.   How Do I Exclude Myself From the Settlement?

To exclude yourself from the Settlement Class, you must either: (1) send a written request for exclusion that must be received no later than [_____], 2019, to: Spectracide Class Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address], or (2) submit a Request for Exclusion online through the Settlement Website no later than [_____,] 2019.

Your Request for Exclusion must contain: (1) the name of the lawsuit, "*Graves et al. v. United Industries Corporation*, Case Number: 2:17-cv-06983-CAS-SK"; (2) your full name, current address, and telephone number; (3) a clear statement of intention to exclude yourself such as "I wish to be excluded from the Settlement Class"; and (4) your signature. You may also get an Exclusion Request Form at www.MakesUpToSettlement.com.  You cannot exclude yourself by telephone or by e-mail.

Your Request for Exclusion must be on behalf of yourself.  You may not include multiple persons on a single Request for Exclusion.

If you ask to be excluded, you will not get any payment from the Settlement Fund, and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Settlement or this lawsuit. You may be able to sue (or continue to sue) UIC in the future.

### 10. If I Don't Exclude Myself, Can I Sue UIC Later?

If you do not properly and timely submit a Request for Exclusion, you waive your right to opt out, you will be deemed to be a member of the Settlement Class, you give up the right to sue UIC for the claims the Settlement resolves, and you will be bound by the terms of the Settlement Agreement. If you have a pending lawsuit against UIC, other than this lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, any Request for Exclusion must be signed, mailed, and postmarked or submitted online by no later than [_____, ___] 2019.

### 11. If I Exclude Myself, Can I Get a Payment from the Settlement Fund?

No. If you exclude yourself, you are not eligible for any payment from the Settlement Fund.

## YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you object to the Settlement or any particular part of it.

Exhibit B

## 12. How Do I Tell the Court That I Object to the Proposed Settlement?

If you are a member of the Settlement Class, you may object to the Settlement. In doing so, you must give reasons why you think the Court should not approve it, and the Court will consider your views.

To object, you must send a letter that contains the following:

(i)     a reference, in its first sentence, to this lawsuit, *Graves et al. v. United Industries Corporation,* Case No. 2:17-cv-06983-CAS-SK;

(ii)    Your full, legal name, residential address, telephone number, and email address (and your lawyer's name, business address, telephone number and email address if you are objecting through counsel);

(iii)   a statement describing your membership in the Settlement Class, including a verification under oath as to the date, name of the Products purchased, and the location and name of the retailer from whom you purchased the Products, and/or a receipt reflecting such purchases, and all other information required by the Claim Form;

(iv)    a written statement of all grounds for the Objection, accompanied by any legal support for such Objection;

(v)     copies of any papers, briefs, or other documents upon which the Objection is based;

(vi)    a list of all persons who will be called to testify in support of the Objection;

(vii)   a statement of whether you intend to appear at the Final Approval Hearing, and if you are objecting through counsel, you must also state the identity of all attorneys who will appear at the Final Approval Hearing on your behalf;

(viii)  a list of the exhibits you will offer during the Final Approval Hearing, along with copies of such exhibits; and

(ix)    your signature.

In addition, if applicable, you must include with your Objection (i) the identity of all counsel who represent you, including former or current counsel who may be entitled to compensation for any reason related to the Objection; (ii) a detailed list of any other objections you or your counsel have submitted to any other class actions submitted in any court, whether state or federal, in the United States, in the previous five (5) years.

**If you choose to object through a lawyer, you must pay for the lawyer yourself.**

**Questions? Call 1-888-978-8269 or visit www. MakesUpToSettlement.com**

Exhibit B

Your Objection must be signed and mailed to the Court, along with any supporting documents, so that it is received no later than [_____], 2019 by the Court at:

Clerk of Court
U.S. District Court
Central District of California
350 W. First Street
Los Angeles, CA 90012

A copy of your Objection **_must_** also be signed and mailed, along with any supporting documents to the Settlement Administrator and each of the following two addresses, so **_that is received by each of them no later than_** [_____], 2019:

| Counsel for Plaintiffs and the Settlement Class | Counsel for United Industries Corporation |
|---|---|
| Ronald A. Marron | Ronie M. Schmelz |
| **LAW OFFICES OF RONALD A. MARRON** | **TUCKER ELLIS LLP** |
| 651 Arroyo Drive | 515 South Flower Street, 42nd Floor |
| San Diego, CA 92103 | Los Angeles, CA 90071 |
| Email: ron@consumersadvocates.com | Email: ronie.schmelz@tuckerellis.com |

### 13. What's the Difference Between Objecting and Excluding?

Objecting is explaining to the Court why you do not believe it should approve the Settlement. You can object only if you stay in the Settlement Class.

Excluding yourself from the Settlement is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you will not be eligible to file an Objection or to appear at the Final Approval Hearing.

## YOUR RIGHTS AND CHOICES - APPEARING IN THIS LAWSUIT

### 14. Can I Appear or Speak in the lawsuit About the Proposed Settlement?

As long as you do not exclude yourself, you can (*but do not have to*) participate and speak for yourself in the lawsuit about the proposed Settlement. This is called making an appearance. You can also have your own lawyer appear in court and speak for you, but you must pay for the lawyer yourself.

### 15. How Can I Appear in this lawsuit?

If you want yourself or your own lawyer (*instead of Class Counsel*) to participate or speak for you in this lawsuit, you must file a "Notice of Appearance" with the Court.  The Notice of Appearance

must contain the title of this lawsuit, a statement that you wish to appear at the Final Approval Hearing, and the signature of you or your lawyer.

Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Final Approval Hearing on the proposed Settlement. If you submit an Objection (*see Question 12 above*) and would like to speak about the Objection at the Court's Final Approval Hearing, both your Notice of Appearance and your Objection should include that information.

Your Notice of Appearance must be signed, mailed, and postmarked by [_____], 2019, to the Court at:

Clerk of Court
U.S. District Court
Central District of California
350 W. First Street
Los Angeles, CA 90012

Copies of your Notice of Appearance **must also be mailed to** each of the individuals at the same two addresses appearing in Question 12.

## IF YOU DO NOTHING

| 16. What Happens If I Do Nothing At All? |
| --- |

If you do nothing, you will get no payment from the Settlement Fund. But unless you timely excluded yourself, you also will not be able to start a new lawsuit, continue with a lawsuit, or be part of any other lawsuit against UIC about the subject matter of this lawsuit ever again.

## THE LAWYERS REPRESENTING YOU

| 17. Do I Have a Lawyer in this Case? |
| --- |

The Court has appointed the Law Offices of Ronald A. Marron, APLC as legal counsel for the Settlement Class. This law firm is called Class Counsel. You will not be charged for these lawyers.

| 18. How Will The Lawyers Be Paid? |
| --- |

Class Counsel has not yet received any payment for prosecuting this lawsuit, nor have they been reimbursed for any out-of-pocket expenses they have incurred. When they ask the Court to approve the Settlement, Class Counsel will also make a motion to the Court to approve and award attorneys' fees and a reimbursement of expenses to Class Counsel, in a total amount of up to 33.33% of the $2,500,000.00 Settlement Fund. No matter what the Court decides with regard to the requested attorneys' fees, members of the Settlement Class will never have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the Settlement on behalf of all members of the Settlement Class. You may hire your own lawyer to represent you in this lawsuit if you wish, but it will be at your own expense.

Exhibit B

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. Unless you have excluded yourself from the Class, you may have the right to attend or speak at the hearing, but do not have to do so.

| 19. When and Where Will the Court Decide Whether to Approve the Settlement? |
|---|

The Court overseeing this case will hold a Final Approval Hearing at the Federal Courthouse located at the U.S. District Court for the Central District of California, 350 W. First Street, Los Angeles, CA 90012 on [_____], 2019 to decide whether the Settlement is fair, reasonable, and adequate, as well as to determine the amount of attorneys' fees and costs and incentive fees to award. If there are objections, the Court will consider them at the Final Approval Hearing. After the Final Approval Hearing, the Court will decide whether to approve the Settlement and whether to grant Class Counsel's request for attorneys' fees and expenses. We do not know how long it will take the Court to make these decisions.

| 20. Do I Have to Come to the Hearing? |
|---|

You are not required to attend the hearing, but you are welcome to attend at your own expense. If you send an Objection, you do not have to appear in Court to present it. As long as you mailed your written Objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## FINAL SETTLEMENT APPROVAL

| 21. What Is The Effect of Final Settlement Approval? |
|---|

If the Court grants final approval of the Settlement, all members of the Settlement Class will generally release, forever discharge, and covenant not to sue the Released Parties (as defined in the Settlement Agreement), including UIC, from any and all claims asserted or which could have been asserted in this lawsuit. The release also includes a release of unknown claims pursuant to Civil Code Section 1542 and similar statutes from other states.

If the Court does not approve the Settlement, this lawsuit will proceed as if no settlement had been attempted.

If the Settlement is not approved and litigation resumes, there is no guarantee of payment to the Settlement Class.

## GETTING MORE INFORMATION

| 22. Are There More Details About the Settlement? |
|---|

**Questions? Call 1-888-978-8269 or visit www. MakesUpToSettlement.com**

Exhibit B

This Notice is only intended to provide a summary of the proposed Settlement. You may obtain the complete text of the Settlement Agreement at www.MakesUpToSettlement.com; by writing to the Settlement Administrator (at the address listed above); or, from the court file, which is available for your inspection during regular business hours at the Office of the Clerk of the United States District Court for the Central District of California, U.S. District Court for the Central District of California, 350 W. First Street, Los Angeles, CA 90012, under the Civil Action Number 2:17-cv-06983-SK.

By visiting the website located at www.MakesUpToSettlement.com, you will find the Plaintiffs' operative Fourth Amended Complaint, a Claim Form, and a Request for Exclusion Form.

You may also contact the Settlement Administrator by email at: Contact@MakesUpToSettlement.com, or by writing to Spectracide® Class Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address].

## PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT.

## This Notice is given with the approval and at the direction of the Court.

**Questions? Call 1-888-978-8269 or visit www. MakesUpToSettlement.com**

# EXHIBIT C

Exhibit C

# <u>NOTICE OF PROPOSED CLASS LITIGATION SETTLEMENT</u>

*Graves, et al. v. United Industries Corporation,* Case No. 2:17-cv-06983-CAS-SK
United States District Court for the Central District of California

**THE MATTERS DISCUSSED HEREIN MAY AFFECT SUBSTANTIAL LEGAL RIGHTS THAT YOU MAY HAVE.**

**READ THIS NOTICE CAREFULLY.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**YOU ARE NOT BEING SUED. THIS IS NOT A LAWSUIT AGAINST YOU**.

---

**IF YOU ARE A UNITED STATES RESIDENT WHO** on or after September 21, 2013 until [the date notice is disseminated] (the "Class Period"), purchased in any state, for personal or household use and not for resale or distribution, any herbicide product sold under the "Spectracide®" tradename in a "concentrate" product form (in other words, designed to be manually mixed by consumers with water prior to use on targeted vegetation) (the "Product"), **YOU MAY BE ENTITLED TO A CASH PAYMENT.**

**This Notice is to inform you of a proposed class action settlement that could affect your legal rights.**

A proposed settlement has been reached in a class action lawsuit pending in the United States District Court for the Central District of California against United Industries Corporation ("UIC") alleging that UIC labeled its Spectracide® Concentrate herbicide Products as making more solution than the Products were capable of making when mixed for certain weed control purposes. UIC denies the allegations and any wrongdoing. To avoid the expense and distraction of litigation, the parties have reached a settlement that will provide monetary recovery as detailed below.

### Am I a Member of the Settlement Class?

You are a member of the Settlement Class if you are a resident of the United States who purchased the Products during the Class Period. The Products may have been purchased in any state, but they must have been purchased for personal or household use and not for resale or distribution.

You cannot be a member of the Settlement Class if you are (1) any judicial officer presiding over the action; (2) UIC or its subsidiaries, parent companies, successors, predecessors, and any entity in which UIC or its parent has a controlling interest, and each of their current or former officers, directors, and employees; (3) legal representatives, successors, or assigns of any excluded person; and (4) any person who properly files a timely request for exclusion.

### What Benefits Could I Receive?

The proposed class action settlement will provide for $2,500,000.00 to pay class member claims, notice, administration, plaintiffs' incentive awards, and legal expenses and attorneys' fees.

1

**Questions? Call 1-888-978-8269 or visit www.MakesUpToSettlement.com**

Exhibit C

Claimants who submit a timely and valid claim **will receive $6.25 in cash from the Settlement Fund for each valid claim submitted by a household, with a limit of four (4) claims per household (total payable per household cannot exceed $25, except as described below).**

If the total amount of eligible claims exceeds the Settlement Fund, then each claimant's award will be proportionately reduced. If there is any remaining cash amount in the Settlement Fund after payment of all claims, costs, and fees, the settlement administrator will divide it equally among the authorized claimants and will pay each authorized claimant his or her proportionate share of the remaining cash amount.

For Products manufactured after June 1, 2020, the Product labels will only state that the Product "Makes Up To ___ Gallons" if it also includes mixing directions which are acceptable to EPA-equivalent agencies of the states in which the Product is registered for sale.

**What Are My Rights?**
You have a choice of whether to stay in the Settlement Class or not, and you must decide this now. If you stay in the Settlement Class, you will be legally bound by all orders and judgments of the Court, and you will not be able to sue, or continue to sue, UIC as part of any other lawsuit involving the same claims that are in this lawsuit. This is true even if you do not submit a Claim Form.

1.   You can accept the Settlement.
If you wish to receive a payment from the Settlement Fund, you MUST submit a Claim Form no later than [DATE]. You can obtain and/or submit a Claim Form:
(1) on the Internet at www.MakesUpToSettlement.com;

(2) by calling the Settlement Administrator at 1-888-978-8269; or
(3) by mailing a written request for a Claim Form including your name and mailing address by regular mail to: Spectracide® Class Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address].

If you fail to timely submit a Claim Form and do not timely exclude yourself from the settlement, then you will be bound by the settlement but will not receive any payment.

2.   You can object to the Settlement.

If you believe the settlement is unsatisfactory, you may **file a written objection with the Clerk of the Court** for the United States District Court for the Central District of California Division **and send copies to the following Counsel** representing the Settlement Class and UIC:

Counsel for Plaintiffs and the Settlement Class

Ronald A. Marron
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, CA 92103
Email: ron@consumersadvocates.com

Counsel for UIC

Ronie M. Schmelz
TUCKER ELLIS LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
Email: ronie.schmelz@tuckerellis.com

If you choose to object to the settlement, then your written objection must be received by _____, 2019.

2
**Questions? Call 1-888-978-8269 or visit www.MakesUpToSettlement.com**

Exhibit C

3. You can "opt out" of the Settlement.

If you do not object to the settlement but simply do not want to participate, you must exclude yourself from the Settlement Class by completing and mailing a Request for Exclusion that includes the name of this lawsuit, your full name, current address, telephone number, a clear statement of your intent to exclude yourself such as "I wish to be excluded from the Settlement Class," and your signature. You must deliver the Request for Exclusion to the settlement administrator at Spectracide® Class Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address]. The request must be postmarked or submitted online no later than [Date]. If you request exclusion from or "opt out" of the Settlement Class, you will not receive any payment from the Settlement Fund, and will be responsible for any attorneys' fees and costs you incur if you choose to pursue your own lawsuit.

**The Final Approval Hearing**

On [_____], 2019, at [____] a.m., the Court will hold a hearing in the United States District Court for the Central District of California to determine: (1) whether the proposed settlement is fair, reasonable and adequate and should receive final approval; and (2) whether the Class Counsel's application for an award of attorneys' fees and expenses should be granted. Objections to the proposed settlement by members of the Settlement Class will be considered by the Court at such hearing, but only if such objections are timely filed in writing with the Court and sent to Plaintiffs' and UIC's counsel by no later than _____, 2019.

If you support the proposed settlement, you do not need to appear at the hearing or take any other action to indicate your approval.

**How Can I Get More Information?**

If you have questions or would like a more detailed notice or other documents about the lawsuit and your rights, visit www.MakesUpToSettlement.com. You may also contact the settlement administrator by emailing Contact@MakesUpToSettlement.com or by writing to: Spectracide® Class Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address], or by calling 1-888-978-8269. Please do not contact the Court or Clerk for information.

**By order of the United States District Court for the Central District of California.**

3

Questions? Call 1-888-978-8269 or visit www.MakesUpToSettlement.com

4219849.1

# EXHIBIT D

**LAW OFFICES OF RONALD A.**
**MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone:   (619) 696-9006
Facsimile:    (619) 564-6665
***Attorneys for Plaintiffs and the Proposed Classes***

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRAVES, KEITH GREN, and MICHAEL WHEALEN, on behalf of themselves, all others similarly situated, and the general public,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED INDUSTRIES CORPORATION, a Delaware Corporation,<br><br>        Defendant. | Case No.: 2:17-cv-06983-CAS-SK<br><br>**CLASS ACTION**<br><br>**DECLARATION OF GAJAN RETNASABA** |

I, Gajan Retnasaba, declare:

1.     I am a Partner at Classaura LLC, a class action administration firm. I have been the project lead on cases including *Mason v. Heel*, *In re Qunol Liquid Labeling Litigation*, and *In re Quaker Oats Labeling Litigation*.  I founded the popular class action advocacy website ClassActionRebates.com. My prior experience includes being a litigation associate at Jones Day and a senior associate at McKinsey & Company.  I hold a J.D. from Harvard Law School and a Bachelor of Engineering from the University of New South Wales.  I am over the age of 18 and am not a party to this action.

2.     I have been asked by counsel for the Plaintiffs in this action to prepare a plan for distributing Notice to the Settlement Class, as described by Section 6 of the Settlement Agreement.

**CLASS CERTIFICATION NOTICE**

3.     Because a record of all purchasers of Spectracide® Concentrate products does not exist, I recommend that notice be targeted to adult residents of the United States who are likely purchasers of this category of products.

4.     Spectracide® Concentrate, a product used in lawn care, is most likely to be purchased by occupants of single family homes where the occupant has responsibility for yard upkeep.  Further, given that the case involves concentrates and not-premixed products, it is likely that purchasers have significantly sized yards exceeding the smaller yard typically found in townhomes and mobile homes.  The 2013-2017 United States Census report on Selected Housing Characteristics reports that of a total of 135,400,000 total housing units, 83,500,000 fit in the category of detached single family homes.

5.     Lawn care is disproportionately handled by men.  According to the United States Bureau of Labor Statistics 2015 Time Use Survey men spend 150% more time on yardwork than women.  And according to a 2008 Gallop poll, 3.5 times more men than women were reported as being responsible for yard work.

*Arthur v. United Industries Co.*, No. 2:17-cv-06983-CAS-SK
DECLARATION OF GAJAN RETNASABA

4240889.1

6.     InfoScout is a service that captures data on shopping patterns.   Their sampling panels capture data for approximately 1-in-500 shopping trips made in the United States and provide rich demographic data.   Spectracide® Concentrate is disproportionately purchased by people over 45.  People who are under 24, between 25 and 34, and between 35 and 44, are 36%, 23%, and 19% respectively less likely to purchase Spectracide® Concentrate.  Spectracide® Concentrate purchases are also lower among Hispanics who are 19% less likely to purchase Spectracide® Concentrate.

**FACEBOOK PUBLICATION OF THE NOTICE**

7.     Facebook is the media outlet where people spend the most time, with approximately 230 million adult registered users in the United States who use the site at least once per month.

8.     Facebook allows detailed targeting of advertising toward individuals that have been identified as having an interest in gardening, landscaping or lawn.  A user may be identified as having an interest in these topics by having mentioned the topic on their Facebook page, or by having engaged with related content on Facebook.

9.     Facebook identifies 49,000,000 people in the United States as having as having an interest in gardening related topics.  And 6,500,000 of these people are in the demographic group most likely to purchase Spectracide, men over 45 years of age.

10.     I recommend that Facebook ads providing a brief notice that a class has been certified of United States buyers of Spectracide® Concentrate be published in a manner designed to achieve 13 million impressions on Facebook, targeting users identified as interested in gardening, with a particular focus on men over 45 years of age.  I estimate that the advertisement will reach 50% of Facebook users in the core demographic of men over 45 years of age with an interest in gardening.

11.     Facebook ads can be targeted so that those 13 million impression are spread widely among likely class members, with each members receiving the advertisement

*Arthur v. United Industries Co.,* No. 2:17-cv-06983-CAS-SK
DECLARATION OF GAJAN RETNASABA

1  once, and thus allowing the advertisement to reach 13 million unique users with an
2  interest in gardening.

3      12.     Facebook ads appear in the user's feed, the main part of the website that
4  displays content from the user's friends.  This prominent placement maximizes the
5  chances that the user will see and engage with the ad.  The ad includes a brief description
6  of the settlement and a link to the class website where consumers can learn more about
7  the lawsuit, www.MakesUpToSettlement.com.  The ads also give the user the option to
8  share the ad with either all their Facebook friends or select Facebook users they believe
9  may be interested in the settlement.

10  **NEWSPAPER PUBLICATION OF THE NOTICE**

11     13.     *USA Today* is national newspaper with a circulation of approximately
12  600,000 and a reach of approximately 1,600,000.  *USA Today* demographic overlap many
13  of the Spectracide demographic characteristics.  *USA Today* readers are overwhelmingly
14  men (68%) and the majority are over forty.  I recommend publication of notice of
15  settlement in this newspaper that the class has been certified.

16     14.     The newspaper publication will include a summary of the settlement and
17  eligibility criteria.  The notice will also direct class members to the dedicated settlement
18  website for further information, including how to file a claim.  The notice will also
19  provide directions for receiving a mailed copy of the long-form notice and a claim form.

20     15.     Publication notice will include a summary notice directly in the publication
21  and information on how to receive the long-form notice by telephone or mail request. The
22  publication notice will also have the address of the notice website, which will contain the
23  long-form notice.

24  **CLRA NOTICE**

25     16.     Section 1781 of the Consumers Legal Remedies Act (CLRA) requires
26  published notice of the settlement in a newspaper of general circulation in the county of
27  the transaction, once a week for four consecutive weeks. Accordingly, I propose

28

1  publication over four consecutive weeks in Daily Commerce, a newspaper frequently

2  used for such legal notices in Los Angeles County.

3  **PRESS RELEASE ABOUT THE SETTLEMENT**

4  17.    PR Newswire is a national press release service used by journalists as a

5  source for news.  Press releases sent through PR Newswire often end up as articles in

6  news media websites such as CNBC.com, MarketWatch.com, Reuters.com,

7  Yahoo.com and local media affiliates of the major television networks ABC, NBC,

8  and CBS.  The press release will contain information about the class settlement and

9  the address for the dedicated settlement website. I recommend the publication of a

10  national press release on PR Newswire.

11  18.    I further recommend that the press release be forwarded to several websites

12  and e-mail lists used by members of the public with an interest in making class action

13  claims whenever they are eligible.

14  **CAFA NOTICE**

15  19.    The Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, requires

16  notice of the proposed settlement be given to state and territory attorney generals.

17  Accordingly, I propose the mailing of a notice with an enclosed CD-ROM containing all

18  the required information under CAFA.

19  **DEDICATED SETTLEMENT WEBSITE**

20  20.    I recommend the creation of a dedicated Spectracide® Concentraye

21  Settlement website, www.MakesUpToSettlement.com, to provide detailed information

22  to class members, and to enable class members to file claims online.  The website will

23  include documents about the case including both the summary and long-form versions of

24  the Judgment Notice, will describe the judgment, describe the process for making claims

25  online and by mail, and give notice that an attorney fee application will be made and

26  describe how class members may obtain a copy of the fee application from the

27  administrator or online, and how they may oppose the application.

28

4

21.     The website will provide email, phone, and postal contacts for class members to request further information, hard copies of information, or request help in the claim filing process. The website will be updated as needed. For class members who are unwilling or unable to make claims online, the Settlement Notice, in both its long and summary forms, will be provided via a toll-free telephone number by which class members can request claim forms be mailed to them.

22.     Monetary claims may be made entirely online with a form where class members will certify under penalty of perjury to the number of each eligible product they purchased. The claim form will be secured using 128-bit encryption, which is the commercial standard. Claim data will be stored in a secure database. The website will also allow class members to download claim forms that can be printed and submitted by mail.

23.     Class members will able to request payment via a mailed check, or electronic payment methods such as Amazon or PayPal.  These electronic payments provide class members with a more convenient ways to receive their funds and reduce disbursement printing and mailing costs, allowing more of the settlement funds to be directed to class members.

24.     Opt-out requests may be made online through an automated form on the notice website and may also be made by mail.  The website will also allow class members to download an opt-out form that can be printed and submitted by mail.

25.     The website will provide email, phone, and postal contacts for class members to request further information, hard copies of information, or request help in the claim filing process. The website will be updated as needed. For class members who are unwilling or unable to make claims online or print a claim form, the website will provide a toll-free telephone number and email address by which class members can request claim forms be mailed to them.

4240889.1

## METHODS FOR PREVENTING PAYMENT OF ERRONEOUS, DUPLICATIVE, AND FRAUDULENT CLAIMS

26.     Erroneous, duplicative, and fraudulent claims will likely be less significant due to the relatively modest per-person maximum recovery. Nonetheless, I would undertake several methods of preventing payment of these invalid claims.

27.     To prevent duplication, all online claims would be loaded into an electronic database. Claims received by mail would be manually entered into the same database. An algorithm would then be run to identify duplicate entries, including those that are not exact duplicates, but involve small variations in names or addresses.

28.     One type of erroneous claim is an incomplete claim. To the extent possible, the information contained within the incomplete claims will be used to notify the submitter of the incomplete claim. A second type of erroneous claim is one that does not match with a database of United States addresses. These individuals will similarly be contacted and encouraged to resubmit a correct claim.

29.     Requiring Settlement Class members to "certify under penalty of perjury under the laws of the United States that the foregoing is true and correct" substantially deters fraud. Fraud can be further reduced by utilizing fraud detection techniques and rejecting fraudulent claims. The claims database will be queried to report signs of fraud such as: (1) multiple online claims made from the same Internet Protocol ("IP") address; (2) multiple highly similar claims, (3) claims requesting payment be sent to penal institutions; (4) the identification of a location or store of purchase that does not match defendant's records of its retail customers that sold the products during the class period, and (5.) implementation of captcha technology to prevent automated claims from being submitted through the settlement website.

6

**ESTIMATED COSTS OF CLASS NOTICE AND SETTLEMENT ADMINISTRATION**

30.     I estimate that the total cost of class notice and settlement administration in this case will total $150,000.00. A copy of a quote for the notice and settlement administration is attached hereto.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on June 3, 2019, in Atlanta, GA.



Gajan Retnasaba

*Arthur v. United Industries Co.*, No. 2:17-cv-06983-CAS-SK
DECLARATION OF GAJAN RETNASABA

4240889.1



**Graves vs. United Industries (Spectracide) Notice Plan**

| Notice Procedure | Quantity | Rate | Total |
|---|---|---|---|
| **Media Campaign** | | | |
| - Targeted Facebook | 13,000,000 | $0.00415 | $54,000.00 |
| - USA Today (National 7 inches x 2 columns) | 1 insertion | $10,000 | $10,000.00 |
| - CLRA Notice | 4 insertions | $1,000 | $1,000 |
| - Press Release (National) | 1 insertion | $1,500 | $1,500 |
| **Subtotal** | | | **$66,500.00** |
| | | | |
| **Website Setup & Maintenance** | | | |
| - Design Responsive Website w/ online filing | | | $5,000.00 |
| - Domain Registration (2 yrs) | 2 yrs | Included | - |
| - Maintenance & Updates | 2 yrs | Included | - |
| - Server Space Rental | 2 yrs | Included | - |
| **Subtotal** | | | **$5,000.00** |
| | | | |
| **Case Management, Opt Out Processing, & Declaration** | | | |
| - Case Management | | Included | $2,500 |
| - Opt-Out/Objection Processing | 25 hrs | Included | - |
| - Correspondence Processing | 15 hrs | Included | - |
| - Declaration of Notice Procedures | 10 hrs | Included | - |
| **Subtotal** | | | **$2,500** |
| | | | |
| **Sub Total for Notice Procedures** | | | **$74,000** |

| Telephone Support | Quantity | Rate | Total |
|---|---|---|---|
| **Automated Call Support** | | | |
| - Toll Free Phone Line & Setup | | Included | $1,000 |
| - Script Drafting | | Included | - |
| - Monthly Maintenance Fees | | Included | - |
| - Calls | 50 hrs | Included | - |
| - Long-Form Notice Packet Requests | 200 pkts | Included | - |
| | | | |
| **Sub Total for Telephone Support** | | | **$1,000** |

| Claims Administration | Quantity | Rate | Total |
|---|---|---|---|
| **Process Claims Filed Online / Postal Mail** | 100,000 | $0.10 | $10,000.00 |
| - Processing Claims, Data Entry, & Imaging | | Included | - |
| - Processing Deficiencies | | Included | - |
| **Status Reports** | | Included | - |
| | | | |
| **Sub Total for Claims Administration** | | | **$10,000** |

| Disbursement | Quantity | Rate | Total |
|---|---|---|---|
| **Distribution Calculations & Prep** | | Included | - |
| **Print / Mail Checks (inc. account fees)** | 50,000 | $1.00 | $50,000 |
| **Electronic Disbursement (Amazon, Paypal)** | 50,000 | $0.30 | $15,000 |
| **Distributions Management** | | Included | - |
| **Return Undeliverable Checks** | | Included | - |
| **Reissue Checks** | 100 | Included | - |
| **Post Distribution Report** | | Included | - |
| | | | |
| **Sub Total for Disbursement & Tax** | | | **$65,000** |
| | | | |
| **Total Estimated Cost** | | | **$150,000** |

# EXHIBIT E

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

10  MICHAEL GRAVES, KEITH GREN,
    and MICHAEL WHEALEN, on behalf of
11  themselves, all others similarly situated,
    and the general public,

12                              Plaintiffs,

13           vs.

14

15

16  UNITED INDUSTRIES
    CORPORATION,

17
                                Defendant.
18

19

20

21

22

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:17-cv-06983-CAS-SK

**CLASS ACTION**

**[PROPOSED] ORDER
GRANTING PLAINTIFF'S
MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT**

23
24
25
26
27
28

-1-

1    Plaintiffs Michael Graves, Keith Gren, and Michael Whealen ("Plaintiffs"),

2    individually and on behalf of the Class defined below, along with Defendant United

3    Industries Corporation ("UIC"), move this Court for preliminary approval of the

4    proposed settlement in the above-captioned action. This Court has reviewed and

5    considered Plaintiffs' Unopposed Motion for Preliminary Approval and supporting

6    materials. Now, having fully considered the record and the requirements of law, this

7    Court orders that the Motion for Preliminary Approval is **GRANTED** as set forth

8    below.

9    **IT IS THIS _____ DAY OF _____, 2019 ORDERED**   that   the

10   settlement (including all terms of the Settlement Agreement and exhibits thereto) is

11   hereby **PRELIMINARILY APPROVED**. The Court further finds and orders as

12   follows:

13   1.    The Court has subject matter jurisdiction under 28 U.S.C.

14   § 1332(d)(2)(A), the Class Action Fairness Act, and venue is proper in this district.

15   2.    The Court's exercise of personal jurisdiction over the Plaintiffs' and

16   Settlement Class Members' claims against UIC comports with the Due Process

17   Clause of the United States Constitution.

18   3.    The Court finds that the Settlement Agreement is the product of arms-

19   length negotiation conducted by experienced legal counsel after extensive discovery

20   and settlement negotiations. The Settlement Agreement is not the result of collusion.

21   4.    The Court finds that the proceedings that occurred before the Parties

22   reached the Settlement Agreement gave counsel and the Parties an opportunity to

23   adequately assess the strengths and weaknesses of their respective positions in this

24   case, and, therefore, to structure the settlement in a way that adequately accounts for

25   those strengths and weaknesses.

26   5.    The Court finds that, subject to the Final Approval hearing, the

27   Settlement Agreement is fair, reasonable, adequate, and in the best interests of the

28

*Graves, et al. v. United Industries Corporation,* Case No. 2:17-cv-06983-CAS-SK
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

Settlement Class. The Court further finds that the settlement falls well within the
range of reason and has no obvious deficiencies.

6.      Because the settlement meets the standards for preliminary approval,
the Court preliminarily approves all terms of the settlement, including the Settlement
Agreement and all of its exhibits.

A.      The Court finds, for settlement purposes only, that all requirements of
Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(b)(2) have been satisfied.
The Court certifies a Settlement Class of all residents of the United States who, on
or after September 21, 2013 until the [date notice is disseminated] (the "Class
Period"), purchased in any state, for personal or household use and not for resale or
distribution, any of UIC's herbicide products that are (a) sold under the
"Spectracide®" tradename and (b) are sold in a "concentrate" product form (in other
words, designed to be manually mixed by consumers with water prior to use on
targeted vegetation). Excluded from the Settlement Class are (1) any judicial officer
presiding over the action; (2) the Defendant, its subsidiaries, parent companies,
successors, predecessors, and any entity in which Defendant or its parent has a
controlling interest, and each of their current or former officers, directors, and
employees; (3) legal representatives, successors, or assigns of any such excluded
person; and (4) any person who properly executes and files a timely request for
exclusion.

7.      The Court conditionally certifies the proposed Settlement Class, and
finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only,
as follows:

a.      Pursuant to Federal Rule of Civil Procedure 23(a)(1), the
members of the Settlement Class are so numerous that joinder of all members is
impracticable.

b.      Pursuant to Federal Rule of Civil Procedure 23(a)(2), the Court
determines that there are common issues of law and fact for the Settlement Class.

*Graves, et al. v. United Industries Corporation*, Case No. 2:17-cv-06983-CAS-SK
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

c.      Pursuant to Federal Rule of Civil Procedure 23(a)(3), the claims of the Class Representatives are typical of the Settlement Class that they represent.

d.      Pursuant to Federal Rule of Civil Procedure 23(a)(4), the Plaintiffs Michael Graves, Keith Gren, and Michael Whealen will fairly and adequately represent the interests of all members of the Settlement Class. The interests of Mr. Graves, Mr. Gren, and Mr. Whealen are not antagonistic to those of the Settlement Class. Mr. Graves, Mr. Gren, and Mr. Whealen are represented by counsel who are experienced and competent in the prosecution of complex class action litigation. Accordingly, the Court hereby appoints Plaintiffs Michael Graves, Keith Gren, and Michael Whealen as Class Representatives for the Settlement Class.

8.      The Court further finds that the requirements of Federal Rules of Civil Procedure 23(b)(3) and (b)(2) are satisfied, for settlement purposes only, as follows:

a.      Questions of law and fact common to the members of the Settlement Class predominate over questions that may affect only individual members; and

b.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

9.      The Court has reviewed the content of the Parties' proposed Notice Plan, the long-form and short-form Notices, and the Claim Form and finds that they satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and the requirements of the Due Process Clause of the United States Constitution. Accordingly, the Court approves the Notices and the Claim Form.

10.     The Court further approves the methods for giving notice of the settlement to the members of the Settlement Class, as reflected in the Settlement Agreement and proposed in the Parties' Joint Motion for Preliminary Approval. In addition to the Notices, the Court has also reviewed the notice procedures and finds that the members of the Settlement Class will, thereby, receive the best notice

-3-

practicable under the circumstances. The Court also approves payment of the costs of notice as provided for in the Settlement Agreement. The Court finds that the notice procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and the Due Process Clause of the United States Constitution.

11.    The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints the Law Offices of Ronald A. Marron, APLC as Settlement Class Counsel ("Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g).

12.    The Court further approves the appointment of Classaura LLC, or an equivalent class action administrator identified by the Parties to administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by Claimants; communicating with Claimants; and distributing payments to Authorized Claimants whose Claim Forms have been accepted and validated.

13.    The Court directs that pursuant to Federal Rule of Civil Procedure 23(e)(2) a hearing will be held on [_____], 2019, to consider final approval of the settlement (the "Final Approval Hearing") including, but not limited to, the following issues: (a) whether the Settlement Class should be finally certified for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of incentive awards to the Class Representatives. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Settlement Website.

*Graves, et al. v. United Industries Corporation*, Case No. 2:17-cv-06983-CAS-SK
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

14.     Any member of the Settlement Class wishing to object (an "Objector") to the proposed settlement and/or be heard at the Final Approval Hearing shall comply with the following procedures:

a.     To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, with a copy delivered to Class Counsel and Defendant's Counsel at the addresses set forth below:

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Email: ron@consumersadvocates.com

Ronie M. Schmelz
**TUCKER ELLIS LLP**
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
Email: ronie.schmelz@tuckerellis.com

b.     A written objection filed with the Court regarding or related to the settlement shall contain all of the following information:. (a) a reference, in its first sentence, to the Litigation, Graves et al. v. United Industries Corporation, Case No. 2:17-cv-06983-CAS-SK; (b) the Objector's full, legal name, residential address, telephone number, and email address (and the Objector's lawyer's name, business address, telephone number, and email address if objecting through counsel); (c) a statement describing the Objector's membership in the Settlement Class, including a verification under oath as to the date, name of the Products purchased, and the location and name of the retailer from whom the Objector purchased the Products, and /or a receipt reflecting such purchases, and all other information required by the Claim Form; (d) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (e) copies of any papers, briefs, or other documents upon which the objection is based; (f) a list of all persons who will be called to testify in support of the objection; (g) a statement of whether the Objector

*Graves, et al. v. United Industries Corporation*, Case No. 2:17-cv-06983-CAS-SK
[Proposed] Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement

intends to appear at the Final Approval Hearing (note: if the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing); (h)    a list of the exhibits that the Objector may offer during the Final Approval Hearing, along with copies of such exhibits; (i) the objector's signature.  In addition, Settlement Class Members, if applicable, must include with their Objection (a) the identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the objection; (b) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years.

c.    Any member of the Settlement Class who files and serves a timely written objection in accordance with this Order may also appear at the Final Approval Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness, or adequacy of the proposed settlement.

15.    Members of the Settlement Class who elect not to participate in the settlement (i.e., "opt-out") must submit a written Request for Exclusion that is postmarked no later than [_____], 2019.

16.    Any member of the Settlement Class who fails to timely submit a Request for Exclusion shall be bound by all subsequent proceedings, orders, and the Final Judgment, even if he or she has a pending, or subsequently initiates, litigation, arbitration, or any other proceeding against UIC relating to the Released Claims.

17.    In order to participate in the settlement and receive a cash payment from the Settlement Fund, members of the Settlement Class must properly complete a Claim Form (online or in paper format) and submit it to the Settlement Administrator. To be effective, any such Claim Form must be postmarked or submitted on the Internet at www.MakesUpToSettlement.com no later than

-6-

[_____], 2019 and must otherwise comply with the procedures and instructions set forth in the Claim Form.

18.     The deadlines for key events are as follows:

| EVENT | DEADLINE |
|---|---|
| Publishing Notice | |
| Filing of papers in support of Final Approval and Class Counsel's Application for Attorneys' Fees and Expenses | |
| Deadline for submitting Claim Forms | |
| Filing an Objection with the Court, or submitting a Request for Exclusion to the Settlement Administrator | |
| Filing of response to Objections | |
| Final Approval Hearing | |

19.     To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned to them in the Settlement Agreement.

20.     In the event the settlement does not become effective for any reason, the Parties shall be restored to their respective pre-settlement positions in the action, including with regard to any agreements concerning tolling and similar agreements, and the entire Settlement Agreement shall become null and void. Additionally, the entire amount of the Settlement Fund (to the extent it was deposited) shall be promptly returned to UIC, with any interest accrued thereon.

21.     Nothing in this Preliminary Approval Order, the Settlement Agreement, or any documents or statements related thereto (1) is, or may be used as, an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of UIC, or of the propriety of Class Counsel to maintain the action as a class action; or (2) is, or may be used, as an admission of, or evidence of,

1   any fault or omission of UIC in any civil, criminal, or administrative proceeding in

2   any court, administrative agency, or other tribunal, except that UIC may file the

3   Settlement Agreement or the Final Judgment in any action that may be brought

4   against any Released Person in order to support a defense or counterclaim based on

5   principles of res judicata, collateral estoppel, release, good faith settlement,

6   judgment bar, reduction, or any other theory of claim preclusion or issue preclusion

7   or similar defense or counterclaim.

8        22.    All activity in the action with respect to UIC shall be stayed unless and

9   until the Settlement Agreement is terminated pursuant to its terms and conditions.

10        23.    The Court finds that issuance of a preliminary injunction is necessary

11   and appropriate in aid of the Court's continuing jurisdiction and authority over the

12   Action. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of

13   this preliminary injunction is necessary and appropriate in aid of the Court's

14   continuing jurisdiction and authority over the Action. Upon final approval of the

15   Settlement, all Class Members who do not timely and validly exclude themselves

16   from the Class shall be forever enjoined and barred from asserting any of the matters,

17   claims, or causes of action released pursuant to the Settlement Agreement against

18   any of the Released Parties, and any such Class Member shall be deemed to have

19   forever released any and all such matters, claims, and causes of action against any

20   of the Released Parties as provided for in the Agreement.

21        24.    The Court shall retain continuing jurisdiction over the Parties and the

22   implementation and enforcement of the terms of the Settlement Agreement, and to

23   assure that all payments and other actions required of any of the Parties by the

24   Settlement Agreement are properly made or taken.

25   **IT IS SO ORDERED.**

26

27   DATED_____, 2019

                                     _____

28                                        HON. CHRISTINA A. SNYDER
                                     United States District Judge

-8-