UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-06983-CAS-SKx | Date | June 27, 2019 |
|---|---|---|---|
| Title | GRAVES ET AL. V. UNITED INDUSTRIES CORPORATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers)** - PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS (Dkt. [ 64 ], filed June 3, 2019)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of July 1, 2019, is vacated, and the matter is hereby taken under submission.

On June 3, 2019, plaintiffs Michael Graves, Keith Gren, and Michael Whealen, on behalf of themselves and all other similarly situated, moved for preliminary approval of the proposed settlement of plaintiffs' claims under (1) the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.; (2) the False Advertising Act, Cal. Bus. & Prof. Code §§ 17500 et seq.; (3) the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; and (4) the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010 et seq.. Dkt. 64. They also seek certification of the settlement class. Id. The motion for approval is unopposed.

Federal Rule of Civil Procedure 23(e) was recently amended to require parties seeking preliminary approval of a proposed class settlement to "provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). The Court, in turn, "must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). Rule 23(e)(2) requires the Court to consider the following factors in determining whether a proposal is fair, reasonable, and adequate:

    (A)    the class representatives and class counsel have adequately represented the class;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-06983-CAS-SKx | Date | June 27, 2019 |
|---|---|---|---|
| Title | GRAVES ET AL. V. UNITED INDUSTRIES CORPORATION | | |

(B)   the proposal was negotiated at arm's length;

(C)   the relief provided for the class is adequate, taking into account:

    (i)   the costs, risks, and delay of trial and appeal;

    (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)   any agreement required to be identified under Rule 23(e)(3); and

(D)   the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

    Plaintiffs' motion does not address the following requirements of Rule 23(e)(2): that "the class representatives and class counsel have adequately represented the class"; the basis for their conclusion that the settlement was negotiated at arm's length; "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims"; and that "the proposal treats class members equitably relative to each other."  In addition, plaintiffs never identify the size of the proposed settlement class, and therefore the Court cannot assess the adequacy of the settlement award.[1]  The proposed order, submitted with plaintiffs' motion, also does not sufficiently analyze the factors set forth in Rule 23(e)(2).  Rather, the proposed order only asserts, in a conclusory fashion, that the proposed settlement is "fair, reasonable, and adequate."

---

[1]   In 2018, when the proposed class only covered California, plaintiffs alleged that defendant sold 364,156 retail units of the products at issue in California.  Dkt. 47 at 8.  However, the class is currently defined as "all persons residing in the United States who during the Class Period [September 21, 2013 to the date on which Notice is disseminated] purchased in any state, for personal or household use and not for resale or distribution, any of the Products," and plaintiffs do not assert the retail units sold nationwide.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-06983-CAS-SKx | Date | June 27, 2019 |
|---|---|---|---|
| Title | GRAVES ET AL. V. UNITED INDUSTRIES CORPORATION | | |

Accordingly, plaintiffs' motion is **DENIED** *without prejudice*. Plaintiffs should file an amended motion and proposed order that includes the relevant analysis that is now required by Federal Rule of Civil Procedure 23(e).

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |